**FORD & DIULIO PC**
Brendan M. Ford (Bar No.224333)
BFord@FordDiulio.com
650 Town Center Drive, Suite 760
Costa Mesa, California 92626
Telephone: (714) 450-6830

Attorney for Plaintiff FOCUS 15, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOCUS 15, LLC,<br><br>        Plaintiff,<br><br>vs.<br><br>NICO CORPORATION, a California Corporation; IAN MATTHEW HANNULA, an individual; JOSEPH PHILIP HALLER, an individual; and DOES 1 to 50, inclusive,<br><br>        Defendants. | Case No. 3:21-cv-01493-EMC (JSC)<br><br>**FOCUS 15, LLC'S NOTICE OF MOTION AND MOTION FOR ORDER AUTHORIZING SERVICE OF PROCESS ON DEFENDANTS IAN MATTHEW HANNULA AND JOSEPH PHILIP HALLER BY PUBLICATION AND REQUEST FOR ENLARGEMENT OF TIME WITHIN WHICH TO EFFECT SERVICE; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**Hearing**<br>Date:  June 10, 2021<br>Time: 1:30 PM<br>Department: 5<br>Judge: Hon. Edward M. Chen<br>Action Filed:  March 3, 2021<br>Trial Date:      Not Set |

1

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 10, 2021 at 1:30 PM in Courtroom 5 - 17th Floor of the San Francisco Courthouse located at 450 Golden Gate Avenue, San Francisco, CA 94102 before the Honorable Edward M. Chen, Plaintiff Focus 15, LLC, through its attorney of record, moves this Court for an order authorizing service of summons via publication on Defendants Ian Matthew Hannula ("Hannula") and Joseph Philip Haller ("Haller") (referred collectively as "Defendants") under Federal Rule of Civil Procedure 4(e)(1) and California Code of Civil Procedure § 415.50. This motion is made on grounds that Focus 15 has stated a cause of action against Defendants, as shown by the Complaint on file, and Focus 15 has exercised reasonable diligence in attempting to find and serve Defendants in any other manner specified in California Code of Civil Procedure §§ 415.10 through 415.40.

In addition, Focus 15 respectfully requests a sixty day (60) day enlargement of time to effect service of process within the Court's broad discretion under Federal Rule of Civil Procedure 6(b) to grant such an enlargement so long as the request is made before the expiration of the period originally prescribed.

This motion is based on the attached Memorandum of Points and Authorities, the Declarations of Brendan M. Ford and Elizabeth J. Salen, all of the pleadings, files, and records in this proceeding, all other matters which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to its rulings.

Dated: May 5, 2021

**FORD & DIULIO PC**

By: _____
Brendan M. Ford

Attorney for Plaintiff FOCUS 15, LLC

2

**FOCUS 15, LLC'S NOTICE OF MOTION AND MOTION FOR ORDER AUTHORIZING SERVICE OF PROCESS ON DEFENDANTS IAN MATTHEW HANNULA AND JOSEPH PHILIP HALLER BY PUBLICATION AND REQUEST FOR ENLARGEMENT OF TIME WITHIN WHICH TO EFFECT SERVICE; MEMORANDUM OF POINTS AND AUTHORITIES**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES………………………………………………………………..3

I. INTRODUCTION…………………………………………………………………...4

II. STATEMENT OF FACTS………………………………………………………….5

III. ARGUMENT………..……………………………………………………………10

    A. The Court May Authorize Service via Publication Under the California Code of Civil Procedure § 415.50…………………………………………………….10

        (1) A Cause of Action Exists Against Defendants Hannula and Haller…….11

        (2) Focus 15 Has Exercised Reasonable Diligence to Locate and Serve Defendants Hannula and Haller……………………………………………11

        (3) Focus 15 Has Identified the Means Most Likely to Provide Actual Notice to Defendants Hannula and Haller of this Lawsuit…………………...15

    B. Focus 15 Demonstrates Good Cause for Enlargement of Time Within Which to Effect Service of Process……………………………………………………….16

IV. CONCLUSION……………………………………………………………............18

## Cases

*American Express Centurion Bank v. Zara*, 199 Cal. App. 4th 383 (2011) ............... 12

*Bein v. Brechtel-Jochim Group, Inc.*, 6 Cal. App. 4th 1387 (1992) ............................ 12

*Board of Trustees of Leland Stanford Junior University v. Ham*, 216 Cal.
   App. 4th 330 (2013) .................................................................................... 13

*Donel, Inc. v. Badalian* 87 Cal. App. 3d 327 (1978) .................................................. 11

*Efaw v. Williams*, 473 F. 3d 1038 (9th Cir. 2007) ..................................................... 16

*Henderson v. United States*, 517 U.S. 654 (1996) ..................................................... 16

*Indian Hills Holdings, LLC v. Frye*, 337 F.R.D. 293 (S.D. Cal. 2020) ...................... 11

*Kott v. Superior Court*, 45 Cal. App. 4th 1126 (1996). ............................................. 11

*Rodriguez v. Cho*, 236 Cal. App. 4th 742 (2015) ................................................ 11, 12

*Watts v. Crawford*, 10 Cal. 4th 743 (1995) ............................................................... 11

## Statutes

Cal. Code Civ. Proc. § 415,50(c) ............................................................................... 17

Cal. Code Civ. Proc. § 415.50(a). .............................................................................. 10

Cal. Code Civ. Proc. § 415.50(b) ............................................................................... 15

Cal. Gov. Code § 6064 ............................................................................................... 17

Fed. R. Civ. P. 4(e)(1) ................................................................................................ 10

Fed. R. Civ. P. 4(m) ................................................................................................... 16

Fed. R. Civ. P. 6(b)(A) ............................................................................................... 16

3

**FOCUS 15, LLC'S NOTICE OF MOTION AND MOTION FOR ORDER AUTHORIZING SERVICE OF PROCESS ON DEFENDANTS IAN MATTHEW HANNULA AND JOSEPH PHILIP HALLER BY PUBLICATION AND REQUEST FOR ENLARGEMENT OF TIME WITHIN WHICH TO EFFECT SERVICE; MEMORANDUM OF POINTS AND AUTHORITIES**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant NICO Corporation ("NICO Corp.") is a California Corporation with its principal place of business in San Francisco California. Defendant NICO Corp. executed four promissory notes on loans totaling $225,000. The notes were personally guaranteed by Defendants Ian Matthew Hannula ("Hannula") and Joseph Philip Haller ("Haller"). Defendants failed to pay any of the promissory notes. Focus 15 filed a federal complaint against Defendants.

Focus 15 has exercised reasonable diligence in locating Defendants Hannula and Haller. Focus 15 hired a private investigator who conducted an extensive investigation of Defendants Hannula and Haller's whereabouts. Focus 15's private investigator utilized google, social media, two proprietary databases, local and federal court records, UCC filings, local fictitious business name databases, the California Secretary of State, contacted the San Francisco County Assessor, and submitted a request for change of address information from the U.S. Postal Service to locate Defendants Hannula and Haller. Focus 15's private investigator confirmed from multiple sources that Defendants Hannula and Haller reside at "2542 3rd St., San Francisco, California 94107".

Focus 15 then exercised reasonable diligence in attempting to serve Defendants Hannula and Haller via personal and substituted service. Focus 15's private investigator made five attempts to personally serve Defendants Hannula and Haller on different times of the day and different days of the week-including weekends. Because Defendants Hannula and Haller did not answer the door Focus 15's private investigator was not able to serve them. In addition, Focus 15's private investigator was not able to effectuate substituted service for the same reasons.

Further, Focus 15 attempted to serve Defendants Hannula and Haller by mail. Focus 15 did not receive a signed acknowledgement form from either Defendant. At

this point Focus 15 has availed itself of all methods statutorily available to it without success.

Good cause exists for this Court to enlarge the time for Focus 15 to serve Defendants Hannula and Haller. As discussed above Focus 15's private investigator conducted an extensive investigation to locate and serve Defendants Hannula and Haller. Focus 15's private investigator was unsuccessful. Focus 15 then attempted to serve Defendants via mail without success. As a result, Focus 15 has spent a significant amount of time attempting to serve Defendants Hannula and Haller. If this Court grants its motion Focus 15 will need a minimum of four weeks for service via publication to be effective.

Defendants Hannula and Haller will not be prejudiced by an order extending the time for which to serve them. Rule 4(m) explicitly permits this Court to make such extension of time.

Absent a Court order allowing service on Defendants Hannula and Haller via publication and an order extending the amount of time to serve Defendants Hannula and Haller, Focus 15 will be left without any recourse to pursue a remedy.

Therefore, Focus 15 respectfully requests for an order allowing service via publication.

## II. STATEMENT OF FACTS

On February 23, 2016, Defendant NICO Corp. entered into a written promissory note with Focus 15 ("Note 1") in which Focus 15 agreed to loan Defendant NICO Corp. one-hundred thousand dollars ($100,000.00). Defendant NICO Corp. agreed to repay the note subject to eight percent (8%) interest and to make payments on the first day of each month beginning on April 1, 2016, through the maturity date on March 1, 2020. Defendants Hannula and Haller signed a Guaranty of the note in exchange for ten dollars ($10.00). Compl. ¶ 14 Exh. A.

On June 1, 2016, Defendant NICO Corp. entered into a written promissory note

5

with Focus 15 ("Note 2") in which Focus 15 agreed to loan Defendant NICO Corp. fifty thousand dollars ($50,000.00). Defendant NICO Corp. agreed to repay the note subject to eight percent (8%) interest and to make payments on the first day of each month beginning on July 1, 2016, through the maturity date on June 1, 2020. Defendants Hannula and Haller signed a Guaranty of the note in exchange for ten dollars ($10.00). Compl. ¶ 15 Exh. B.

On July 31, 2016, Defendant NICO Corp. entered into a written promissory note with Golden Focus, LLC ("Note 3") in which Golden Focus agreed to loan Defendant NICO Corp. fifty thousand dollars ($50,000.00). Defendant NICO Corp. agreed to repay the note subject to eight percent (8%) interest and to make payments on the fifteenth day of each month beginning on August 15, 2016 through the maturity date on August 15, 2020. Defendants Hannula and Haller signed a Guaranty of the note in exchange for ten dollars ($10.00). Compl. ¶ 16 Exh. C.  On or around July 17, 2017 Golden Focus assigned Note 3 to Focus 15. Compl. ¶ 17.

On February 15, 2017, Defendant NICO Corp. entered into a written promissory note with Focus 15 ("Note 4") in which Focus 15 agreed to loan Defendant NICO Corp. twenty-five thousand dollars ($25,000.00). Defendant NICO Corp. agreed to repay the note subject to eight percent (8%) interest and to make payments on the first day of each month beginning on December 1, 2016. Defendant agreed to pay fifty percent (50%) of the loan by March 15, 2017 and the entire outstanding balance of the loan by April 15, 2017. Defendants Hannula and Haller signed a Guaranty of the note in exchange for ten dollars ($10.00). Compl. ¶ 18 Exh. D.

Defendants did not pay any of the agreed upon payments on **any** of the notes in breach of the express terms of the written promissory notes. Compl. ¶ 19. Defendants never intended to pay back any of these loans. On March 3, 2021, Focus 15 filed a complaint against Defendants NICO Corp., Hannula, and Haller.

6

FOCUS 15, LLC'S NOTICE OF MOTION AND MOTION FOR ORDER AUTHORIZING SERVICE OF PROCESS ON DEFENDANTS IAN MATTHEW HANNULA AND JOSEPH PHILIP HALLER BY PUBLICATION AND REQUEST FOR ENLARGEMENT OF TIME WITHIN WHICH TO EFFECT SERVICE; MEMORANDUM OF POINTS AND AUTHORITIES

Subsequently Focus 15 hired a private investigator, Amber Howe ("Howe"), to locate and serve Defendants NICO Corp., Hannula, and Haller. Ford Decl. ¶ 3. On February 1, 2021 Howe ran Defendants Hannula and Haller's names in a proprietary database called "TLO" which indicated that Defendants Hannula and Haller's most current address was "2542 3rd St., San Francisco, CA 94107". *Id*. During that same search Howe obtained Defendants Hannula and Haller's social security numbers which she ran in a proprietary database called "Delvepoint" which indicated similar results. *Id*. Howe then conducted a search on the California Secretary of State for registration information on Defendant NICO Corporation. *Id*. The statement of information filed by Defendant Hannula on January 11, 2019 and updated on January 4, 2021 indicated that the address for all three Defendants is "2542 3rd St., San Francisco, California 94107" *Id*; Ford Decl. ¶¶ 8 Exh. E, and 9 Exh. F.

Subsequently, Howe searched the internet and found two social media profiles for Defendant Hannula (1) a twitter profile "@iannice" and (2) a linkedin profile "@niceone", which claimed that Defendant Hannula is the founder of "N.I.C.E Collective". Ford Decl. ¶ 4 Exh. A. Howe searched the company's website "www.nicecollective.com" and found that the company was based on San Francisco but did not include an address or a telephone number. *Id*. The company's Instagram profile "@nicecollective" and Facebook profile "@nice.collective" did not include any physical address either. *Id*. Howe then googled the address "2535 3rd St., San Francisco" – the business address- and determined that the company had been permanently closed. *Id*. This was confirmed by two Yelp reviews for the company dated 2017 and 2018 which claimed the company had permanently closed. *Id*. Howe did not find any social media profiles for Defendant Haller. Ford Decl. ¶ 5 Exh. B.

Howe then searched local and federal court records, UCC filings and local fictitious business name databases and could not find any information as to Defendants Hannula and Haller's current address. Ford Decl. ¶¶ 4 Exh. A, 5 Exh B., and 6 Exh. C.

7

**FOCUS 15, LLC'S NOTICE OF MOTION AND MOTION FOR ORDER AUTHORIZING SERVICE OF PROCESS ON DEFENDANTS IAN MATTHEW HANNULA AND JOSEPH PHILIP HALLER BY PUBLICATION AND REQUEST FOR ENLARGEMENT OF TIME WITHIN WHICH TO EFFECT SERVICE; MEMORANDUM OF POINTS AND AUTHORITIES**

On February 2, 2021 Howe contacted the San Francisco County Assessor for ownership information for "2542 3rd St., San Francisco, California 94107" *Id*. The assessor confirmed that Defendants Hannula and Haller own the property and informed Howe that the property had a "Homeowner' property tax exemption" which can be claimed as long as the owner occupies the home. *Id*. Based on this information Howe determined that Defendants Hannula and Haller were living at "2542 3rd St., San Francisco, California, 94107" and informed Focus 15 of this fact. *Id*.

Subsequently, Focus 15 sought to confirm the information provided by Howe by conducting an additional investigation of the "2542 3rd St. San Francisco, California 94107" address. Ford Decl. ¶ 7 Exh. D. By utilizing the White Pages Focus 15 further confirmed that Defendants Hannula and Haller currently reside at "2542 3rd St., San Francisco, California, 94107". *Id*. Focus 15 also searched the California Secretary of State website for Defendant NICO Corp. and confirmed that Defendants Hannula and Haller reside at "2542 3rd St., San Francisco, California 94107". Ford Decl. ¶¶ 8 Exh. E, and 9 Exh. F.

Subsequently, Focus 15 directed Howe to serve Defendants Hannula, Haller, and NICO Corp. at the "2542 3rd St., San Francisco, California, 94107". Ford Decl. ¶¶ 4 Exh. A, 5 Exh. B, and 6 Exh. C. Howe was required to make five attempts to serve Defendants Hannula and Haller at different times of the day and different days of the week-including weekends. *Id*. Howe attempted to personally serve Defendants Hannula and Haller on the following dates: Wednesday March 17, 2021 at 12:54 pm; Saturday March 20, 2021 at 8:15 am; Tuesday March 23, 2021 at 6:38 pm; Thursday March 25, 2021 at 8:30 pm; and Monday March 29, 2021 at 7:44 am. *Id*. On all five attempts no one answered the door. *Id*. On one occasion, Howe spoke to a security guard at a cannabis shop located in the bottom floor of the building who indicated that he knew Defendants Hannula and Haller who reside at "2542 3rd St, San Francisco, California 94107" and had not seen them for many months. *Id*. Howe informed Focus

8

**FOCUS 15, LLC'S NOTICE OF MOTION AND MOTION FOR ORDER AUTHORIZING SERVICE OF PROCESS ON DEFENDANTS IAN MATTHEW HANNULA AND JOSEPH PHILIP HALLER BY PUBLICATION AND REQUEST FOR ENLARGEMENT OF TIME WITHIN WHICH TO EFFECT SERVICE; MEMORANDUM OF POINTS AND AUTHORITIES**

15 that she was not able to serve Defendants via personal service or substituted service. *Id*.

On March 23, 2021 Howe submitted a request for change of address information with the U.S. Postal Service regarding Defendants Hannula and Haller. *Id*.

On April 7, 2021 Focus 15 attempted to serve Defendants Hannula, Haller, and NICO Corp. via certified first-class mail under the California Code of Civil Procedure § 415.30. Ford Decl. ¶ 10. Two certified first-class mail packages were sent to "2542 3rd St., San Francisco, California 94107".

The first package was addressed to Defendant Hannula containing the following items: (1) a Civil Cover Sheet, (2) a copy of the Summons for Defendant Hannula, (3) a copy of the Summons for Defendant NICO Corp., (4) a copy of the Conformed Complaint, (5) a copy of the Order Setting Initial Case Management Conference and ADR Guidelines, (6) a copy of the notice of assignment of case to a United States Magistrate Judge, (7) a copy of the Consent or Declination to Magistrate Judge Jurisdiction, (8) a copy of Civil Magistrate Judge Jacqueline Scott Corley's Standing Order, (9) a copy of the Case Management Statement and Proposed Order, (10) a copy of the "Consenting to the Jurisdiction of a Magistrate Judge" brochure, (11) **two** copies of a Notice and Acknowledgement of Receipt of Summons and Complaint as required by California Code of Civil Procedure § 415.30, and (12) a return envelope with prepaid postage addressed to Ford & Diulio PC as required by § 415.30. Ford Decl. ¶ 11 Exh. G.

The second package was addressed to Defendant Haller containing the following items: (1) a Civil Cover Sheet, (2) a copy of the Summons for Defendant Haller, (3) a copy of the Summons for Defendant NICO Corp., (4) a copy of the Conformed Complaint, (5) a copy of the Order Setting Initial Case Management Conference and ADR Guidelines, (6) a copy of the notice of assignment of case to a United States Magistrate Judge, (7) a copy of the Consent or Declination to Magistrate Judge

Jurisdiction, (8) a copy of Civil Magistrate Judge Jacqueline Scott Corley's Standing Order, (9) a copy of the Case Management Statement and Proposed Order, (10) a copy of the "Consenting to the Jurisdiction of a Magistrate Judge" brochure, (11) **two** copies of a Notice and Acknowledgement of Receipt of Summons and Complaint as required by California Code of Civil Procedure § 415.30, and (12) a return envelope with prepaid postage addressed to Ford & Diulio PC as required by § 415.30. Ford Decl. ¶ 12 Exh. H.

On April 15, 2021, Howe received a response from the U.S Postal Service via mail indicating that there was *no change of address on file* for Defendants Hannula and Haller. Ford Decl. ¶¶ 4 Exh. A, 5 Exh. B, and 6. Exh. 6.

On April 27, 2021, signed copies of the acknowledgement forms from Defendants Hannula, Haller, and NICO Corp.'s representatives (Hannula and Haller) were due in order for them to avoid having to pay Focus 15's expenses in making subsequent attempts to serve them. Focus 15 did not receive any signed copies of the acknowledgement forms from any Defendant. Ford Decl. ¶ 13.

Having exercised reasonable diligence to locate and serve Defendants and being unable to serve Defendants, Focus 15 is now in a position where it must seek this Court's permission to be allowed to serve Defendants Hannula and Haller via publication. Absent a Court order authorizing Focus 15 to serve Defendants Hannula and Haller via publication Focus 15 will be left with no recourse to pursue a remedy.

### III. ARGUMENT

**A. The Court May Authorize Service via Publication Under the California Code of Civil Procedure § 415.50.**

The Federal Rules of Civil Procedure provide in relevant part "[u]nless federal law provides otherwise, an individual…may be served in a judicial district of the United States by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where

10

service is made." Fed. R. Civ. P. 4(e)(1). Under the California Rules of Civil Procedure "[a] summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner and that a cause of action exists against the party upon whom service is to be made…." Cal. Code Civ. Proc. § 415.50(a).

### (1) A Cause of Action Exists Against Defendants Hannula and Haller.

Here, a cause of action exists against Defendants NICO Corp., Hannula, and Haller as evidenced by Focus 15's Complaint on file. More specifically, Focus 15 has filed a Complaint against Defendants Hannula, Haller, and NICO Corp. for civil RICO violations, breach of contract, money had and received, unjust enrichment, and violations of the California Business and Professions Code, all in connection with Defendants failure to pay the promissory notes. *See* Compl. generally; *See also* Declaration of Elizabeth J. Salen.

### (2) Focus 15 Has Exercised Reasonable Diligence To Locate and Serve Defendants Hannula and Haller.

"The term reasonable diligence... denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney." *Watts v. Crawford*, 10 Cal. 4th 743, 749 fn. 5 (1995). In determining reasonable diligence the basic question is whether plaintiff took "those steps which a reasonable person who truly desired to give notice would have taken under the circumstances."*Donel, Inc. v. Badalian* 87 Cal. App. 3d 327, 333 (1978). "A number of honest attempts to learn defendant's whereabouts or his address by inquiry to relatives, friends, and acquaintances, or his employer, and by investigation of appropriate city and telephone directories, the voters' register, and the real and personal property index in the assessor's office, near the defendant's last known location, are generally sufficient." *Kott v. Superior Court*, 45 Cal. App. 4th 1126, 1137 (1996). "[T]he showing of

diligence in a given case must rest on its own facts and '[n]o single formula nor mode of search can be said to constitute due diligence in every case.'" *Id*. at 1138 "Reasonable diligence has been held to require '[t]wo or three attempts to personally serve defendant at a proper place.'" *Indian Hills Holdings, LLC v. Frye*, 337 F.R.D. 293, 301 (S.D. Cal. 2020); *Rodriguez v. Cho*, 236 Cal. App. 4th 742, 750 (2015) (Finding that two or three attempts to personally serve a defendant at a proper place ordinarily qualifies as reasonable diligence); *See also American Express Centurion Bank v. Zara*, 199 Cal. App. 4th 383, 390 (2011);

In *Rodriguez*, the court found reasonable diligence where a respondent's process server had declared under penalty of perjury that he had substituted service on an appellant's secretary *after making three attempts to serve appellant* in his place of business. 236 Cal. App. 4th at 751. In *Bein v. Brechtel-Jochim Group, Inc.*, the court found reasonable diligence where a *process server attempted to serve defendant three times at their residence* but was barred each time by a gate guard at the residential community. *Bein v. Brechtel-Jochim Group, Inc.*, 6 Cal. App. 4th 1387, 1392 (1992).

Here, like in *Rodriguez* and *Bein*, Focus 15 has exercised reasonable diligence in attempting to serve Defendants Hannula and Haller because Focus 15 has utilized every method statutorily available to Focus 15–that does not require a Court order- to serve Defendants Hannula and Haller without success.

First, Focus 15 made a number of honest attempts to determine the whereabouts of Defendants Hannula and Haller by hiring a private investigator to conduct an extensive investigation of Defendants Hannula and Haller. Ford Decl. ¶ 3. In order to conduct her investigation Howe utilized google, social media, two proprietary databases, local and federal court records, UCC filings, local fictitious business name databases, the California Secretary of State, contacted the San Francisco County Assessor, and submitted a request for change of address information from the U.S. Postal Service to locate Defendants Hannula and Haller. Ford Decl. ¶¶ 4 Exh. A, 5,

12

Exh. B, and 6 Exh. C. Multiple sources during the investigation revealed that Defendants Hannula and Haller reside at "2542 3rd St., San Francisco, California 94107". *Id*.

Second, Focus 15 made five attempts to ***personally serve*** Defendants Hannula and Haller at their residence. Howe attempted to personally serve Defendants Hannula and Haller on the following dates: Wednesday March 17, 2021 at 12:54 pm; Saturday March 20, 2021 at 8:15 am; Tuesday March 23, 2021 at 6:38 pm; Thursday March 25, 2021 at 8:30 pm; and Monday March 29, 2021 at 7:44 am. *Id*. Howe was not able to serve Defendants Hannula and Haller because Defendants Hannula and Haller did not answer the door. *Id*. On one occasion, Howe spoke to a security guard at a cannabis shop located in the bottom floor of the building who indicated that he knew Defendants Hannula and Haller who reside at "2542 3rd St, San Francisco, California 94107" and had not seen Defendants Hannula and Haller for many months. *Id*. Thus, Focus 15 acted with reasonable diligence in attempting to personally serve Defendants Hannula and Haller because "reasonable diligence has been held to require '[t]wo or three attempts to personally serve defendant at a proper place.'" *Indian Hills Holdings, LLC, supra,* 337 F.R.D. at 301.

Third, Howe was unable to effectuate ***substituted service*** on Defendants Hannula and Haller because no one answered the door at the "2542 3rd St., San Francisco, California 94107" residence at the time Howe attempted personal service. As such, Howe did not have any one to leave a copy of the summons and complaint with in order to successfully effectuate substituted service. Further, Howe had met the requirements to attempt substituted service on Defendants Hannula and Haller because she exercised reasonable diligence in attempting to effectuate personal service. *See Board of Trustees of Leland Stanford Junior University v. Ham*, 216 Cal. App. 4th 330, 337 (2013) (Finding that in order to avail oneself of substituted service under section

415.20, two or three attempts to personally serve a defendant at a proper place ordinarily qualifies as 'reasonable diligence).

Finally, after making *five unsuccessful attempts* to serve Defendants Hannula and Haller in person and via substituted service, Focus 15 attempted to serve Defendants Hannula and Haller by mail. On April 7, 2021 Focus 15 sent two certified first-class mail packages addressed to Defendants Hannula and Haller to the "2542 3rd St., San Francisco, California, 94107" address. Ford Decl. ¶ 10.

The first package was addressed to Defendant Hannula containing the following items: (1) a Civil Cover Sheet, (2) a copy of the Summons for Defendant Hannula, (3) a copy of the Summons for Defendant NICO Corp., (4) a copy of the Conformed Complaint, (5) a copy of the Order Setting Initial Case Management Conference and ADR Guidelines, (6) a copy of the notice of assignment of case to a United States Magistrate Judge, (7) a copy of the Consent or Declination to Magistrate Judge Jurisdiction, (8) a copy of Civil Magistrate Judge Jacqueline Scott Corley's Standing Order, (9) a copy of the Case Management Statement and Proposed Order, (10) a copy of the "Consenting to the Jurisdiction of a Magistrate Judge" brochure, (11) **two** copies of a Notice and Acknowledgement of Receipt of Summons and Complaint as required by California Code of Civil Procedure § 415.30, and (12) a return envelope with prepaid postage addressed to Ford & Diulio PC-the sender- as required by § 415.30. Ford Decl. ¶ 11 Exh. G.

The second package was addressed to Defendant Haller containing the following items: (1) a Civil Cover Sheet, (2) a copy of the Summons for Defendant Haller, (3) a copy of the Summons for Defendant NICO Corp., (4) a copy of the Conformed Complaint, (5) a copy of the Order Setting Initial Case Management Conference and ADR Guidelines, (6) a copy of the notice of assignment of case to a United States Magistrate Judge, (7) a copy of the Consent or Declination to Magistrate Judge Jurisdiction, (8) a copy of Civil Magistrate Judge Jacqueline Scott Corley's Standing

14

FOCUS 15, LLC'S NOTICE OF MOTION AND MOTION FOR ORDER AUTHORIZING SERVICE OF PROCESS ON DEFENDANTS IAN MATTHEW HANNULA AND JOSEPH PHILIP HALLER BY PUBLICATION AND REQUEST FOR ENLARGEMENT OF TIME WITHIN WHICH TO EFFECT SERVICE; MEMORANDUM OF POINTS AND AUTHORITIES

Order, (9) a copy of the Case Management Statement and Proposed Order, (10) a copy of the "Consenting to the Jurisdiction of a Magistrate Judge" brochure, (11) **two** copies of a Notice and Acknowledgement of Receipt of Summons and Complaint as required by California Code of Civil Procedure § 415.30, and (12) a return envelope with prepaid postage addressed to Ford & Diulio PC as required by § 415.30. Ford Decl. ¶ 12 Exh. H.

Focus 15 did not receive any signed copies of the acknowledgement forms from Hannula and Haller. Ford Decl. ¶ 13. Making Focus 15's attempt to serve Defendants Hannula and Haller by mail unsuccessful. Further, in order to avoid having to pay the expenses incurred by Focus 15 in effecting service of summons in any other manner, signed copies of the acknowledgement forms from Defendants Hannula and Haller were due on April 27, 2020.

Focus 15 has utilized all applicable methods of service it can avail itself to - without the need for a Court order- with no success. Focus 15 has done more than enough to show that it has acted with reasonable diligence in attempting to locate and serve Defendants Hannula and Haller for the reasons discussed above. At this point Defendants Hannula and Haller are aware that a lawsuit is pending against them and it has become readily apparent that Defendants Hannula and Haller are intentionally avoiding service.

**(3) Focus 15 Has Identified the Means Most Likely to Provide Actual Notice to Defendants Hannula and Haller of this Lawsuit.**

Under the California Code of Civil Procedure "[t]he court *shall* order the summons to be published in a named newspaper, published in this state, that is most likely to give actual notice to the party to be served." Cal. Code Civ. Proc. § 415.50(b).

Here, Focus 15 has determined that Defendants Hannula and Haller reside in San Francisco because Howe confirmed from multiple sources that Defendants Hannula and Haller reside at "2542 3rd St., San Francisco, California". Ford Decl. ¶¶

15

**FOCUS 15, LLC'S NOTICE OF MOTION AND MOTION FOR ORDER AUTHORIZING SERVICE OF PROCESS ON DEFENDANTS IAN MATTHEW HANNULA AND JOSEPH PHILIP HALLER BY PUBLICATION AND REQUEST FOR ENLARGEMENT OF TIME WITHIN WHICH TO EFFECT SERVICE; MEMORANDUM OF POINTS AND AUTHORITIES**

3, 4 Exh. A, 5 Exh. B., and 6 Exh. D. Thus, because Defendants are residents of San Francisco a publication of the summons in a newspaper of San Francisco is most likely to give them actual notice that a lawsuit is pending against them.

Therefore, for the reasons discussed above, absent a Court order authorizing Focus 15 to serve Defendants Hannula and Haller via publication Focus 15 will be left with no recourse to pursue a remedy. As such Focus 15 respectfully request that this Court grant its motion authorizing Focus 15 to serve Defendants Hannula and Haller via publication.

### B. Focus 15 Demonstrates Good Cause for Enlargement of Time Within Which to Effect Service of Process.

"If a defendant is not been served within 90 days after the complaint is filed… *if the plaintiff shows good cause* for the failure, the *court must extend the time for service* for an appropriate period." Fed. R. Civ. P. 4(m). Under the Federal Rules of Civil Procedure "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(A). "*District courts have broad discretion to extend time* for service under Rule 4(m)…[as] Rule 4's [time period] of service 'operates not as an outer limit subject to reduction, but as an irreducible allowance.'" *Efaw v. Williams*, 473 F. 3d 1038, 1041 (9th Cir. 2007) (*quoting Henderson v. United States*, 517 U.S. 654, 661 (1996)). On its face, Rule 4(m) does not tie the hands of the district court after the [time period] has expired. *Id*. Rather Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint after the [time period] has expired. *Id*.

Here, good cause exists for granting an enlargement of time to effect service upon Defendants Hannula and Haller.

16

**FOCUS 15, LLC'S NOTICE OF MOTION AND MOTION FOR ORDER AUTHORIZING SERVICE OF PROCESS ON DEFENDANTS IAN MATTHEW HANNULA AND JOSEPH PHILIP HALLER BY PUBLICATION AND REQUEST FOR ENLARGEMENT OF TIME WITHIN WHICH TO EFFECT SERVICE; MEMORANDUM OF POINTS AND AUTHORITIES**

First, Focus 15 has, in good faith, exercised reasonable diligence to locate and serve Defendants Hannula and Haller. This is evidenced by the fact that Focus 15 hired a private investigator-Howe- who conducted an extensive investigation of Defendants Hannula and Haller's location by utilizing google, social media, two proprietary databases, local and federal court records, UCC filings, local fictitious business name databases, the California Secretary of State, contacted the San Francisco County Assessor, and submitted a request for change of address information from the U.S. Postal Service to locate Defendants Hannula and Haller. Ford Decl. ¶¶ 4 Exh. A, 5 Exh. B, and 6 Exh. C. Howe attempted to personally serve Defendants Hannula and Haller at their residence five times but was unsuccessful because Hannula and Haller did not answer the door. *Id*. In addition, Howe was not able to serve Defendants Hannula and Haller via substituted service for the same reason.

In addition, Focus 15 attempted to serve Defendants Hannula and Haller by mail and did not receive a signed copy of the acknowledgement of Receipt from either Defendant. Ford Decl. ¶¶ 10, 11 Exh. G, 12 Exh. H, and 13. At this point, Focus 15 has availed itself of every method of service it can without the need for a Court order.

As a result, Focus 15 has spent significant amount of time attempting to serve Defendants to no avail. Should this Court grant Focus 15's motion, Focus 15 will need more time to effect service via publication because service via publication requires at least four weeks to become effective. *See* Cal. Gov. Code § 6064; Cal. Code Civ. Proc. § 415,50(c).

Second, Defendants will not be prejudiced by any extension of time. This is because Defendants Hannula and Haller are likely aware that a lawsuit is pending against them since Focus 15 has utilized every method at its disposal to serve them at their residence.

Finally, Rule 4(m) explicitly permits this Court to extend the amount of time to serve the complaint. Focus 15 has demonstrated that it has exercised reasonable

diligence to serve Defendants Hannula and Haller to no avail. Absent a Court order for enlargement of time Focus 15 will be left without the ability to pursue a remedy against Defendants Hannula and Haller.

Therefore, good cause exists for enlargement of time within which to effect service of process on Defendants Hannula and Haller.

## IV.     CONCLUSION

For the reasons described above, Plaintiff Focus 15 respectfully requests this Court grant its motion to serve Defendants Hannula and Haller by publication. Additionally, Plaintiff Focus 15 respectfully requests this Court grant a sixty (60) day extension of time within which to effect service of process.

Dated:  May 5, 2021                                   **FORD & DIULIO PC**

By:
Brendan M. Ford

Attorney for Plaintiff FOCUS 15, LLC