**FORD & DIULIO PC**
Brendan M. Ford (Bar No.224333)
BFord@FordDiulio.com
650 Town Center Drive, Suite 760
Costa Mesa, California 92626
Telephone: (714) 450-6830

Attorney for Plaintiff FOCUS 15, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOCUS 15, LLC,<br><br>           Plaintiff,<br><br>     vs.<br><br>NICO CORPORATION, a California Corporation; IAN MATTHEW HANNULA, an individual; JOSEPH PHILIP HALLER, an individual; and DOES 1 to 50, inclusive,<br><br>           Defendants. | Case No. 3:21-cv-01493-EMC (JSC)<br><br>**FOCUS 15, LLC'S NOTICE OF MOTION AND MOTION FOR ORDER AUTHORIZING SERVICE OF PROCESS ON DEFENDANT NICO CORPORATION VIA DELIVERY TO THE CALIFORNIA SECRETARY OF STATE AND REQUEST FOR ENLARGEMENT OF TIME WITHIN WHICH TO EFFECT SERVICE; AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br><u>Hearing</u><br>Date:  June 10, 2021<br>Time: 1:30 PM<br>Department: 5<br>Judge: Hon. Edward M. Chen<br>Action Filed:  March 3, 2021<br>Trial Date:     Not Set |

1

**FOCUS 15, LLC'S NOTICE OF MOTION AND MOTION FOR ORDER AUTHORIZING SERVICE OF PROCESS ON DEFENDANT NICO CORPORATION VIA DELIVERY TO THE CALIFORNIA SECRETARY OF STATE AND REQUEST FOR ENLARGEMENT OF TIME WITHIN WHICH TO EFFECT SERVICE; AND MEMORANDUM OF POINTS AND AUTHORITIES**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 10, 2021 at 1:30 PM in Courtroom 5 - 17th Floor of the San Francisco Courthouse located at 450 Golden Gate Avenue, San Francisco, CA 94102 before the Honorable Edward M. Chen, Plaintiff Focus 15, LLC, through its attorney of record, moves this Court for an order authorizing service of summons on Defendant NICO Corporation ("NICO Corp.") via delivery to the California Secretary of State under Federal Rule of Civil Procedure 4(e)(1) and California Corporations Code § 1702. This motion is made on grounds that NICO Corp.'s agent for service of process and only corporate officers cannot be served with reasonable diligence in manners specified in California Code of Civil Procedure §§ 415.10 through 415.30, and 416.10(a) and (b).

In addition, Focus 15 respectfully requests a sixty day (60) day enlargement of time to effect service of process within the Court's broad discretion under Federal Rule of Civil Procedure 6(b) to grant such an enlargement so long as the request is made before the expiration of the period originally prescribed.

This motion is based on the attached Memorandum of Points and Authorities, the Declarations of Brendan M. Ford, all of the pleadings, files, and records in this proceeding, all other matters which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to its rulings.

Dated:  May 5, 2021                    **FORD & DIULIO PC**

By: _____
Brendan M. Ford

Attorney for Plaintiff FOCUS 15, LLC

2

**FOCUS 15, LLC'S NOTICE OF MOTION AND MOTION FOR ORDER AUTHORIZING SERVICE OF PROCESS ON DEFENDANT NICO CORPORATION VIA DELIVERY TO THE CALIFORNIA SECRETARY OF STATE AND REQUEST FOR ENLARGEMENT OF TIME WITHIN WHICH TO EFFECT SERVICE; AND MEMORANDUM OF POINTS AND AUTHORITIES**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES…………………………………………………………..3

I. INTRODUCTION……………………………………………………………...4

II. STATEMENT OF FACTS…………………………………………………………4

III. ARGUMENT…………………………………………………………………...9

    A. The Court May Order that Service be Made Upon a Corporation via the California Secretary of State…………………………………………………...10

        (1) Focus 15 has Exercised Reasonable Diligence in Attempting to Serve Defendant NICO's Registered Agent for Service of Process and Its Only Corporate Officers in Person Under C.C.P. § 415.10…………………...10

        (2) Focus 15 has Exercised Reasonable Diligence in Attempting to Serve Defendant NICO's Registered Agent for Service of Process and Its Only Corporate Officers via Substituted Service Under C.C.P. § 415.20(a)….12

        (3) Focus 15 has Exercised Reasonable Diligence in Attempting to Serve Defendant NICO's Registered Agent for Service of Process and Its Only Corporate Officers via Service by Mail Under C.C.P. § 415.30(a)……..13

        (4) Focus 15 has Exercised Reasonable Diligence in Attempting to Serve Defendant NICO's Registered Agent for Service of Process Under C.C.P § 416.10(a)…………………………………………………………16

        (5) Focus 15 has Exercised Reasonable Diligence in Attempting to Serve Defendant NICO's Only Corporate Officers Under C.C.P. § 416.10(b)…………………………………………………………...16

    B.  Focus 15 Demonstrates Good Cause for Enlargement of Time Within Which to Effect Service of Process………………………………………………….17

IV. CONCLUSION…………………………………………………...........19

## Cases

*American Express Centurion Bank v. Zara*, 199 Cal. App. 4th 383 (2011)................11

*Board of Trustees of Leland Stanford Junior University v. Ham*, 216 Cal.
    App. 4th 330 (2013)................................................................12

*Efaw v. Williams*, 473 F. 3d 1038 (9th Cir. 2007) ...............................17, 18

*Henderson v. United States*, 517 U.S. 654 (1996)...............................17

*Indian Hills Holdings, LLC v. Frye*, 337 F.R.D. 293 (S.D. Cal. 2020)...........11, 16

*Rodriguez v. Cho*, 236 Cal. App. 4th 742 (2015) ...............................11

## Statutes

Cal. Code Civ. Proc. ("C.C.P") § 415.10. ......................................10

Cal. Code Civ. Proc. § 415.20(a). .............................................12, 13

Cal. Code Civ. Proc. § 415.30(a). .............................................13, 16

Cal. Code Civ. Proc. § 416.10(a) ..............................................16

Cal. Code Civ. Proc. § 416.10(b). .............................................16, 17

Cal. Corp. Code § 1702(a) .....................................................10

Fed. R. Civ. P. 4(e)(1).........................................................10

Fed. R. Civ. P. 4(h)(1) (B) ....................................................10

Fed. R. Civ. P. 4(h)(1)(A).....................................................10

Fed. R. Civ. P. 4(m) ..........................................................17

Fed. R. Civ. P. 6(b)(A)........................................................17

**FOCUS 15, LLC'S NOTICE OF MOTION AND MOTION FOR ORDER AUTHORIZING SERVICE OF PROCESS ON DEFENDANT NICO CORPORATION VIA DELIVERY TO THE CALIFORNIA SECRETARY OF STATE AND REQUEST FOR ENLARGEMENT OF TIME WITHIN WHICH TO EFFECT SERVICE; AND MEMORANDUM OF POINTS AND AUTHORITIES**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Defendant NICO Corporation ("NICO Corp.") is a California Corporation with its principal place of business in San Francisco California. Defendant NICO Corp. executed a series of promissory notes on loans totaling $225,000. The notes were personally guaranteed by Defendants Ian Matthew Hannula ("Hannula") and Joseph Philip Haller ("Haller"). Defendants failed to pay any of the promissory notes. Focus 15 filed a federal complaint against Defendants.

Focus 15 has exercised reasonable diligence in attempting to serve Defendant NICO Corp. through its registered agent for service of process and its only corporate officers via personal service, substituted service, and service by mail. However, despite exercising reasonable diligence, Focus 15 has been unable to serve Defendant NICO Corp. because Defendant NICO Corp.'s registered agent for service of process and its corporate officers are avoiding service.

Good cause exists for this court to extent the time needed to serve Defendant NICO Corp.'s registered agent and/or only corporate officers because Focus 15 conducted a good faith investigation to locate Defendant NICO Corp.'s registered agent and corporate officers. Focus 15 exercised reasonable diligence by attempting to serve the registered agent and corporate officers via personal service, substituted service, and service by mail.

Absent the ability to serve Defendant NICO Corp. via the Secretary of State, Focus 15 will be left without the ability to pursue a remedy. Therefore, Focus 15 respectfully requests for an order allowing service via Secretary of State.

### II.    STATEMENT OF FACTS

On February 23, 2016, Defendant NICO Corp. entered into a written promissory note with Focus 15 ("Note 1") in which Focus 15 agreed to loan Defendant NICO Corp. one-hundred thousand dollars ($100,000.00). Defendant NICO Corp. agreed

4

to repay the note subject to eight percent (8%) interest and to make payments on the first day of each month beginning on April 1, 2016, through the maturity date on March 1, 2020. Defendants Hannula and Haller signed a Guaranty of the note in exchange for ten dollars ($10.00). Compl. ¶ 14 Exh. A.

On June 1, 2016, Defendant NICO Corp. entered into a written promissory note with Focus 15 ("Note 2") in which Focus 15 agreed to loan Defendant NICO Corp. fifty thousand dollars ($50,000.00). Defendant NICO Corp. agreed to repay the note subject to eight percent (8%) interest and to make payments on the first day of each month beginning on July 1, 2016, through the maturity date on June 1, 2020. Defendants Hannula and Haller signed a Guaranty of the note in exchange for ten dollars ($10.00). Compl. ¶ 15 Exh. B.

On July 31, 2016, Defendant NICO Corp. entered into a written promissory note with Golden Focus, LLC ("Note 3") in which Golden Focus agreed to loan Defendant NICO Corp. fifty thousand dollars ($50,000.00). Defendant NICO Corp. agreed to repay the note subject to eight percent (8%) interest and to make payments on the fifteenth day of each month beginning on August 15, 2016 through the maturity date on August 15, 2020. Defendants Hannula and Haller signed a Guaranty of the note in exchange for ten dollars ($10.00). Compl. ¶ 16 Exh. C.  On or around July 17, 2017 Golden Focus assigned Note 3 to Focus 15. Compl. ¶ 17.

On February 15, 2017, Defendant NICO Corp. entered into a written promissory note with Focus 15 ("Note 4") in which Focus 15 agreed to loan Defendant NICO Corp. twenty-five thousand dollars ($25,000.00). Defendant NICO Corp. agreed to repay the note subject to eight percent (8%) interest and to make payments on the first day of each month beginning on December 1, 2016. Defendant agreed to pay fifty percent (50%) of the loan by March 15, 2017 and the entire outstanding balance of the loan by April 15, 2017. Defendants Hannula and Haller signed a Guaranty of the note in exchange for ten dollars ($10.00). Compl. ¶ 18 Exh. D.

Defendants did not pay any of the agreed upon payments on any of the notes in breach of the express terms of the written promissory notes. Compl. ¶ 19. Defendants never intended to pay back any of these loans. On March 3, 2021, Focus 15 filed a complaint against Defendants NICO Corp., Hannula, and Haller.

Subsequently Focus 15 hired a private investigator, Amber Howe ("Howe"), to locate and serve Defendants NICO Corp., Hannula, and Haller. Ford Decl. ¶ 3. On February 1, 2021 Howe ran Defendants Hannula and Haller's names in a proprietary database called "TLO" which indicated that Defendants Hannula and Haller's most current address was "2542 3rd St., San Francisco, CA 94107". *Id*. During that same search Howe obtained Defendants Hannula and Haller's social security numbers which she ran in a proprietary database called "Delvepoint" which indicated similar results. *Id*. Howe then conducted a search on the California Secretary of State for registration information on Defendant NICO Corporation. *Id*. The statement of information filed by Defendant Hannula on January 11, 2019 and updated on January 4, 2021 indicated that the address for all three Defendants is "2542 3rd St., San Francisco, California 94107" *Id*; Ford Decl. ¶¶ 8 Exh. E, and 9 Exh. F. The January 11, 2019 statement of information indicated that Defendant Hannula is the registered agent, president, and chief executive officer of Defendant NICO Corporation. *Id*. The same statement of information also indicated that Defendant Haller is the Secretary and Chief Financial Officer of Defendant NICO Corp. *Id*.

Subsequently, Howe searched the internet and found two social media profiles for Defendant Hannula (1) a twitter profile "@iannice" and (2) a linkedin profile "@niceone", which claimed that Defendant Hannula is the founder of "N.I.C.E Collective". Ford Decl. ¶ 4 Exh. A. Howe searched the company's website "www.nicecollective.com" and found that the company was based on San Francisco but did not include an address or a telephone number. *Id*. The company's Instagram profile "@nicecollective" and Facebook profile "@nice.collective" did not include any

6

physical address either. *Id*. Howe then googled the address "2535 3rd St., San Francisco" – the business address- and determined that the company had been permanently closed. *Id*. This was confirmed by two Yelp reviews for the company dated 2017 and 2018 which claimed the company had permanently closed. *Id*. Howe did not find any social media profiles for Defendant Haller. Ford Decl. ¶ 5 Exh. B.

Howe then searched local and federal court records, UCC filings and local fictitious business name databases and could not find any information as to Defendants Hannula and Haller's current address. Ford Decl. ¶¶ 4 Exh. A, 5 Exh B., and 6 Exh. C.

On February 2, 2021 Howe contacted the San Francisco County Assessor for ownership information for "2542 3rd St., San Francisco, California 94107" *Id*. The assessor confirmed that Defendants Hannula and Haller own the property and informed Howe that the property had a "Homeowner' property tax exemption" which can be claimed as long as the owner occupies the home. *Id*. Based on this information Howe determined that Defendants Hannula and Haller were living at "2542 3rd St., San Francisco, California, 94107" and informed Focus 15 of this fact. *Id*.

Subsequently, Focus 15 sought to confirm the information provided by Howe by conducting an additional investigation of the "2542 3rd St. San Francisco, California 94107" address. Ford Decl. ¶ 7 Exh. D. By utilizing the White Pages Focus 15 further confirmed that Defendants Hannula and Haller currently reside at "2542 3rd St., San Francisco, California, 94107". *Id*. Focus 15 also searched the California Secretary of State website for Defendant NICO Corp. and confirmed that Defendants Hannula and Haller reside at "2542 3rd St., San Francisco, California 94107". Ford Decl. ¶¶ 8 Exh. E, and 9 Exh. F.

Subsequently, Focus 15 directed Howe to serve Defendants Hannula, Haller, and NICO Corp. at the "2542 3rd St., San Francisco, California, 94107". Ford Decl. ¶¶ 4 Exh. A, 5 Exh. B, and 6 Exh. C. Howe was required to make five attempts to serve Defendants Hannula, Haller, and NICO Corp. at different times of the day and

7

different days of the week-including weekends. *Id.*  Howe attempted to personally serve Defendants Hannula, Haller, and NICO Corp. on the following dates: Wednesday March 17, 2021 at 12:54 pm; Saturday March 20, 2021 at 8:15 am; Tuesday March 23, 2021 at 6:38 pm; Thursday March 25, 2021 at 8:30 pm; and Monday March 29, 2021 at 7:44 am. *Id*. On all five attempts no one answered the door. *Id*. On one occasion, Howe spoke to a security guard at a cannabis shop located in the bottom floor of the building who indicated that he knew Defendants Hannula and Haller who reside at "2542 3rd St, San Francisco, California 94107" and had not seen them for many months. *Id*. Howe informed Focus 15 that she was not able to serve Defendants via personal service or substituted service. *Id*.

On March 23, 2021 Howe submitted a request for change of address information with the U.S. Postal Service regarding Defendants Hannula and Haller. *Id*.

On April 7, 2021 Focus 15 attempted to serve Defendants Hannula, Haller, and NICO Corp. via certified first-class mail under the California Code of Civil Procedure § 415.30. Ford Decl. ¶ 10. Two certified first-class mail packages were sent to "2542 3rd St., San Francisco, California 94107".

The first package was addressed to Defendant Hannula-individually and on behalf of Defendant NICO Corp.- containing the following items: (1) a Civil Cover Sheet, (2) a copy of the Summons for Defendant Hannula, (3) a copy of the Summons for Defendant NICO Corp., (4) a copy of the Conformed Complaint, (5) a copy of the Order Setting Initial Case Management Conference and ADR Guidelines, (6) a copy of the notice of assignment of case to a United States Magistrate Judge, (7) a copy of the Consent or Declination to Magistrate Judge Jurisdiction, (8) a copy of Civil Magistrate Judge Jacqueline Scott Corley's Standing Order, (9) a copy of the Case Management Statement and Proposed Order, (10) a copy of the "Consenting to the Jurisdiction of a Magistrate Judge" brochure, (11) two copies of a Notice and Acknowledgement of Receipt of Summons and Complaint as required by California Code of Civil Procedure

8

§ 415.30, and (12) a return envelope with prepaid postage addressed to Ford & Diulio PC as required by § 415.30. Ford Decl. ¶ 11 Exh. G.

The second package was addressed to Defendant Haller -individually and on behalf of Defendant NICO Corp.- containing the following items: (1) a Civil Cover Sheet, (2) a copy of the Summons for Defendant Haller, (3) a copy of the Summons for Defendant NICO Corp., (4) a copy of the Conformed Complaint, (5) a copy of the Order Setting Initial Case Management Conference and ADR Guidelines, (6) a copy of the notice of assignment of case to a United States Magistrate Judge, (7) a copy of the Consent or Declination to Magistrate Judge Jurisdiction, (8) a copy of Civil Magistrate Judge Jacqueline Scott Corley's Standing Order, (9) a copy of the Case Management Statement and Proposed Order, (10) a copy of the "Consenting to the Jurisdiction of a Magistrate Judge" brochure, (11) two copies of a Notice and Acknowledgement of Receipt of Summons and Complaint as required by California Code of Civil Procedure § 415.30, and (12) a return envelope with prepaid postage addressed to Ford & Diulio PC as required by § 415.30. Ford Decl. ¶ 12 Exh. H.

On April 15, 2021, Howe received a response from the U.S Postal Service via mail indicating that there was *no change of address on file* for Defendants Hannula and Haller. Ford Decl. ¶¶ 4 Exh. A, 5 Exh. B, and 6. Exh. 6.

On April 27, 2021, signed copies of the acknowledgement forms from Defendants Hannula, Haller, and NICO Corp.'s representatives (Hannula and Haller) were due in order for them to avoid having to pay Focus 15's expenses in making subsequent attempts to serve them. Focus 15 did not receive any signed copies of the acknowledgement forms from any Defendant. Ford Decl. ¶ 13.

Having exercised reasonable diligence to serve Defendant NICO Corp., Focus 15 is now in a position where it must seek this Court's permission to be allowed to serve Defendant NICO Corp. via the Secretary of State.

9

## III.    ARGUMENT

### A. The Court May Order that Service be Made Upon a Corporation via the California Secretary of State.

The Federal Rules of Civil Procedure provide in relevant part "[u]nless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation…must be served in a judicial district of the United States (A) in the manner prescribed by Rule 4(e)(1) for serving an individual, or  (B) delivering a copy of the summons and complaint to a [corporate officer or a registered agent authorized to receive service] and by mailing a copy to each defendant…" Fed. R. Civ. P. 4(h)(1)(A) & (B). "[U]nless federal law provides otherwise, an individual…may be served in a judicial district of the United States by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Under the California Corporations Code "[I]f an agent designated cannot with reasonable diligence be found at the address designated for personally delivering the process…and it is shown by affidavit to the satisfaction of the court that process against a domestic corporation cannot be served with reasonable diligence upon the designated agent by hand in the manner provided in [sections 415.10 through 415.30 of the Code of Civil Procedure, and sections 416.10(a), (b), or (c) or 416.20(a) of the Code of Civil Procedure], the court may make an order that service be made upon the corporation by delivering by hand to the Secretary of State…" Cal. Corp. Code § 1702(a). "Service in this manner is deemed complete on the 10th day after delivery of the process to the Secretary of State." *Id*.

### (1) Focus 15 has Exercised Reasonable Diligence in Attempting to Serve Defendant NICO's Registered Agent for Service of Process and Its Only Corporate Officers in Person Under C.C.P § 415.10.

10

Under the California Code of Civil Procedure "[a] summons may be served by personal delivery of a copy of the summons and of the complaint to the person to be served." Cal. Code Civ. Proc. ("C.C.P") § 415.10. "Reasonable diligence has been held to require '[t]wo or three attempts to personally serve defendant at a proper place.'" *Indian Hills Holdings, LLC v. Frye*, 337 F.R.D. 293, 301 (S.D. Cal. 2020); *Rodriguez v. Cho*, 236 Cal. App. 4th 742, 750 (2015) (Finding that two or three attempts to personally serve a defendant at a proper place ordinarily qualifies as reasonable diligence); *See also American Express Centurion Bank v. Zara*, 199 Cal. App. 4th 383, 390 (2011)

Here, Focus 15 has exercised reasonable diligence to serve Defendant NICO's registered agent for service of process and its only corporate officers.

First, Defendant Hannula is Defendant NICO Corp.'s registered agent for service of process, the president, and chief operating officer. Ford Decl. ¶¶ 8 Exh. E, and 9 Exh. F. Defendant Haller is Defendant NICO Corp.'s secretary and chief financial officer. *Id*. Focus 15 has exercised reasonable diligence by hiring private investigator Amber Howe ("Howe") to conduct an extensive investigation to locate Defendants Hannula and Haller. Ford Decl. ¶ 3. In conducting her investigation Howe utilized google, social media, two proprietary databases, local and federal court records, UCC filings, local fictitious business name databases, the California Secretary of State, contacted the San Francisco County Assessor, and submitted a request for change of address information from the U.S. Postal Service. Ford Decl. ¶¶ 4 Exh. A, 5 Exh. B, and 6 Exh. C. Multiple sources during the investigation revealed that Defendant NICO Corp.'s registered agent and corporate officers reside at "2542 3rd St., San Francisco, California 94107".

Second, Focus 15 has exercised reasonable diligence by making **five attempts** to serve Defendant NICO Corp.'s registered agent and corporate officers at their residence.  This is more than the three attempts ordinarily required to qualify as

11

"reasonable diligence". *Indian Hills Holdings, LLC*, *supra*, 337 F.R.D. at 301; *See also Rodriguez*, *supra*, 236 Cal. App. 4th at 750; *American Express Centurion Bank*, *supra,*199 Cal. App. 4th at 390. After Howe identified the correct address to serve Defendant NICO Corp.'s registered agent and corporate officers Howe attempted to personally serve them. Ford Decl. ¶¶ 4 Exh. A, 5 Exh. B, and 6 Exh. C. Howe made five attempts to personally serve the registered agent and corporate officers at "2542 3rd St. San Francisco, California 94107" on the following dates: Wednesday March 17, 2021 at 12:54 pm; Saturday March 20, 2021 at 8:15 am; Tuesday March 23, 2021 at 6:38 pm; Thursday March 25, 2021 at 8:30 pm; and Monday March 29, 2021 at 7:44 am. *Id*. Howe was not able to effectuate personal nor substituted service because nobody answered the door. *Id.* In addition, a security guard of the cannabis shop of the ground floor of the building informed Howe that he knew the registered agent and corporate officers who reside at "2542 3rd St., San Francisco, California 94107" and had not seem them for many months.

Therefore, by conducting an extensive investigation of Defendants NICO Corp.'s registered agent and corporate officer's location and attempting to serve them in person at the correct place five times, Focus 15 exercised reasonable diligence under C.C.P § 415.10.

(**2**) **Focus 15 has Exercised Reasonable Diligence in Attempting to Serve Defendant NICO's Registered Agent for Service of Process and Its Only Corporate Officers via Substituted Service Under C.C.P § 415.20(a).**

Under California Code of Civil Procedure "[i]n lieu of personal delivery of a copy of the summons and complaint…a summons may be served by leaving a copy of the summons and complaint…at his or her usual mailing address…with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left." Cal. Code Civ. Proc. §

12

415.20(a). "In order to avail oneself of substituted service under section 415.20, two or three attempts to personally serve a defendant at a proper place ordinarily qualifies as 'reasonable diligence'" *Board of Trustees of Leland Stanford Junior University v. Ham*, 216 Cal. App. 4th 330, 337 (2013).

Here, Focus 15 has exercised reasonable diligence under C.C.P §415.20(a) because it conducted an extensive investigation and attempted to serve Defendant NICO Corp.'s registered agent and its corporate officers at a proper place five times which is more times than ordinarily required to constitute reasonable diligence. As discussed above, Howe made *five attempts* to serve Defendant NICO Corp.'s registered agent and corporate officers but was unsuccessful because they did not answer the door. Ford Decl. ¶¶ 4 Exh. A, 5 Exh. B, and 6 Exh. C. Because nobody answered the door at the residence on every attempt made by Howe, substituted service on Defendant NICO Corp. was not possible since no one opened the door to accept service and the only individuals authorized to accept service of process on behalf of NICO Corp. are Defendants Hannula and Haller.

Therefore, by conducting an extensive investigation and attempting to serve Defendant NICO Corp.'s registered agent and corporate officers at a proper place five times, Focus 15 acted with reasonable diligence under C.C.P. § 415.20(a).

**(3) Focus 15 has Exercised Reasonable Diligence in Attempting to Serve Defendant NICO's Registered Agent for Service of Process and Its Only Corporate Officers via Service by Mail Under C.C.P § 415.30(a).**

Under the California Code of Civil Procedure "[a] summons may be served by mail…" Cal. Code Civ. Proc. § 415.30(a). "A copy of the summons and of the complaint shall be mailed…to the person to be served, together with two copies of the notice and acknowledgment…and a return envelope, postage prepaid, addressed to the sender." *Id*.

Here, after having exercised reasonable diligence to serve Defendant NICO Corp.'s registered agent for service of process and corporate officers in person and via substituted service, Focus 15 attempted to serve Defendant NICO Corp. via mail by sending two certified first-class mail packages to "2542 3rd St., San Francisco, California, 94107" on April 7, 2021. Ford Decl. ¶ 10.

The first package which was addressed to Defendant Hannula – NICO Corp.'s registered agent for service of process, Chief Executive Officer and President- contained the following documents: (1) a Civil Cover Sheet, (2) a copy of the Summons for Defendant Hannula, (3) a copy of the Summons for Defendant NICO Corp., (4) a copy of the Conformed Complaint, (5) a copy of the Order Setting Initial Case Management Conference and ADR Guidelines, (6) a copy of the notice of assignment of case to a United States Magistrate Judge, (7) a copy of the Consent or Declination to Magistrate Judge Jurisdiction, (8) a copy of Civil Magistrate Judge Jacqueline Scott Corley's Standing Order, (9) a copy of the Case Management Statement and Proposed Order, (10) a copy of the "Consenting to the Jurisdiction of a Magistrate Judge" brochure, (11) **two** copies of a Notice and Acknowledgement of Receipt of Summons and Complaint as required by California Code of Civil Procedure § 415.30, and (12) a return envelope with prepaid postage addressed to Ford & Diulio PC as required by § 415.30. Ford Decl. ¶ 11 Exh. G.

The second package which was addressed to Defendant Haller – NICO Corp.'s Chief Financial Officer and Secretary- contained the following documents: (1) a Civil Cover Sheet, (2) a copy of the Summons for Defendant Haller, (3) a copy of the Summons for Defendant NICO Corp., (4) a copy of the Conformed Complaint, (5) a copy of the Order Setting Initial Case Management Conference and ADR Guidelines, (6) a copy of the notice of assignment of case to a United States Magistrate Judge, (7) a copy of the Consent or Declination to Magistrate Judge Jurisdiction, (8) a copy of Civil Magistrate Judge Jacqueline Scott Corley's Standing Order, (9) a copy of the

14

Case Management Statement and Proposed Order, (10) a copy of the "Consenting to the Jurisdiction of a Magistrate Judge" brochure, (11) **two** copies of a Notice and Acknowledgement of Receipt of Summons and Complaint as required by California Code of Civil Procedure § 415.30, and (12) a return envelope with prepaid postage addressed to Ford & Diulio PC as required by § 415.30. Ford Decl. ¶ 12 Exh. H.

Focus 15 has met the requirements of C.C.P. § 415.30 for the following reasons. First, Focus 15 exercised reasonable diligence by attempting to personally serve Defendant NICO Corp.'s registered agent and corporate officers but was unsuccessful. As discussed above, Focus 15 conducted an extensive investigation and determined Defendants Hannula and Haller reside at "2542 3rd St., San Francisco, California, 94107" and attempted to serve them five times without success. Further, Focus 15 was not able effect substituted service on Defendants Hannula and Haller because nobody answered the door and Defendants Hannula and Haller are the only two individuals permitted to accept service on behalf of NICO Corp.

Second, the two first-class mail packages contained all the documents necessary to comply with both this Court's Order Setting Initial Case Management Conference and C.C.P § 415.30. Among other things, each package contained a copy of the summons and complaint. Ford Decl. ¶¶ 10, 11 Exh. G, and 12 Exh. H. Each package was sent via "First-Class" mail and was addressed to the appropriate person(s)– Defendants Hannula and Haller. *Id*. Each package was sent to the appropriate address "2542 3rd St., San Francisco, California, 94107". *Id*. Each package contained **two** copies of the Notice and Acknowledgement of Receipt of Summons and Complaint. *Id*.  Finally, each package contained a prepaid return envelope addressed to Ford & Diulio PC, the sender. *Id*.

Therefore, Focus 15 exercised reasonable diligence in attempting to serve Defendant NICO Corp. through its registered agent and its only corporate officers by mail.

**(4) Focus 15 has Exercised Reasonable Diligence in Attempting to Serve Defendant NICO's Registered Agent for Service of Process Under C.C.P. § 416.10(a).**

Under California Code of Civil Procedure "[a] summons may be served on a corporation by delivering a copy of the summons and complaint to the person designated as agent for service of process…" Cal. Code Civ. Proc. § 416.10(a). "Reasonable diligence has been held to require '[t]wo or three attempts to personally serve defendant at a proper place.'" *Indian Hills Holdings, LLC*, *supra,* 337 F.R.D. at 301.

Here, as discussed above, Defendant Hannula is Defendant NICO Corp.'s registered agent. Focus 15 attempted to personally serve Defendant NICO Corp.'s registered agent via personal service and was not successful. Ford Decl. ¶¶ 4 Exh. A, 5 Exh. B, and 6 Exh. C. In addition Focus 15 also attempted to serve Defendant NICO Corp.'s registered agent by sending a first-class mail package containing all documents required by C.C.P. § 415.30. Ford Decl. ¶ 10. Because C.C.P. § 416.10(a) only requires in person service of the registered agent to be effective, Focus 15 has done more than what is statutorily required to exercise reasonable diligence since it also attempted to substitute service and served Defendant NICO Corp.'s registered agent by mail.

Therefore, Focus 15 exercised reasonable diligence in attempting to serve Defendant NICO Corp.'s registered agent for service of process.

**(5) Focus 15 has Exercised Reasonable Diligence in Attempting to Serve Defendant NICO's Only Corporate Officers Under C.C.P. § 416.10(b).**

Under California Code of Civil Procedure "[a] summons may be served on a corporation by delivering a copy of the summons and complaint to the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial

16

officer, a general manager, or a person authorized by the corporation to receive service of process." Cal. Code Civ. Proc. § 416.10(b). "Reasonable diligence has been held to require '[t]wo or three attempts to personally serve defendant at a proper place.'" *Indian Hills Holdings, LLC*, *supra,* 337 F.R.D. at 301.

Here, as discussed above, Defendants Hannula and Haller are Defendant NICO Corp.'s only corporate officers. Defendant Hannula is the Chief Executive Officer and President of NICO Corp. Ford Decl. ¶¶ 8 Exh. E, and 9 Exh. F. Further, Defendant Haller is the Chief Financial Officer and Secretary of NICO Corp. *Id*. Because C.C.P. § 416.10(b) explicitly provides that a copy of the summons and complaint may be served to, *inter alia*, "the president, chief executive officer, secretary, or the chief financial officer" Defendants Hannula and Haller are the appropriate persons to serve on behalf of Defendant NICO Corp. Further, because Focus 15 attempted to serve them-in both their individual capacity and on behalf of NICO Corp.-in person, by substituted service, and by mail, Focus 15 has exercised reasonable diligence.

Therefore, because Focus 15 has shown that it has acted with reasonable diligence in attempting to effect service on Defendant NICO Corp. through all applicable statutory methods as required by the California Corporations Code § 1702(a), Focus 15 meets the requirements to seek a Court order permitting Focus 15 to effect service on Defendant NICO Corp. via the Secretary of State.

**B. Focus 15 Demonstrates Good Cause for Enlargement of Time Within Which to Effect Service of Process.**

"If a defendant is not served within 90 days after the complaint is filed… ***if the plaintiff shows good cause*** for the failure, the ***court must extend the time for service*** for an appropriate period." Fed. R. Civ. P. 4(m). Under the Federal Rules of Civil Procedure "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." Fed. R. Civ. P.

17

6(b)(A). "***District courts have broad discretion to extend time*** for service under Rule 4(m)…[as] Rule 4's [time period] of service 'operates not as an outer limit subject to reduction, but as an irreducible allowance.'" *Efaw v. Williams*, 473 F. 3d 1038, 1041 (9th Cir. 2007) (*quoting Henderson v. United States*, 517 U.S. 654, 661 (1996)). On its face, Rule 4(m) does not tie the hands of the district court after the [time period] has expired. *Id*. Rather Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint after the [time period] has expired. *Id*.

Here, good cause exists for granting an enlargement of time to effect service upon Defendants. First Focus 15 has, in good faith, exercised reasonable diligence to locate and serve Defendant NICO Corp.'s registered agent and corporate officers. This is evidenced by the fact that Focus 15 hired a private investigator-Howe- who conducted an extensive investigation to locate and serve Defendant NICO Corp.'s registered agent and corporate officers. Howe utilized google, social media, two proprietary databases, local and federal court records, UCC filings, local fictitious business name databases, the California Secretary of State, and submitting a request for change of address information from the U.S. Postal Service. Ford Decl. ¶¶ 4 Exh. A, 5 Exh. B, and 6 Exh. C. Howe attempted to personally serve Defendants NICO Corp.'s registered agent and corporate officers at their residence five times but was unsuccessful because nobody answered the door. *Id*. In addition, Howe was not able to serve registered agent and corporate officers via substituted service for the same reason.

In addition, Focus 15 attempted to serve Defendant NICO Corp.'s registered agent and corporate officers by mail and did not receive a signed copy of the acknowledgement of Receipt from them. Ford Decl. ¶¶ 10, 11 Exh. G, 12 Exh. H, and 13. At this point, Focus 15 has availed itself of every method of service it can without a Court order. As a result, Focus 15 has spent significant amount of time attempting to serve Defendant NICO Corp.'s registered agent and corporate officers to no avail,

giving Focus 15 very limited amount of time for which to effect service on Defendants if this Court grants its motion to serve Defendant NICO via the Secretary of State since service in this manner will require at least ten days to become effective.

Therefore, Focus 15 respectfully requests that this Court enlarge the time within which to effect service of process on Defendants by sixty (60) days.

## IV.   CONCLUSION

Absent the ability to serve Defendant NICO Corp. via the Secretary of State, Focus 15 will be left without the ability to pursue a remedy. Therefore, for the reasons described above, Plaintiff Focus 15 respectfully requests this Court grant its motion for an order authorizing service of process on Defendant NICO Corporation via delivery to the California Secretary of State. Additionally, Plaintiff Focus 15 respectfully requests this Court grant a sixty (60) day extension of time within which to effect service of process.

Dated:  May 5, 2021

**FORD & DIULIO PC**

By: _____

Brendan M. Ford

Attorney for Plaintiff FOCUS 15, LLC