MARC R. STIMPERT (SBN 283964)
ANDREW C. MCCLELLAND (SBN 361060)
LUNSKI & STIMPERT LLP
201 Spear Street, Suite 1100
San Francisco, CA 94105
TEL: (415) 426-3586
FAX: (415) 426-3424

Attorney for Defendants/Counter-Complainants/Third-Party Complainants
NICO CORPORATION, IAN MATTHEW HANNULA and JOSEPH PHILIP
HALLER

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOCUS 15, LLC; | Case No. 3:21-CV-01493 |
| Plaintiff, | |
| v. | NOTICE OF MOTION AND DEFENDANTS' MOTION TO DISMISS THE FIRST, SECOND, AND SIXTH CAUSES OF ACTION IN PLAINTIFF'S FIRST AMENDED COMPLAINT |
| NICO CORPORATION, et al.; | |
| Defendants. | |
| | HEARING |
| And Related Cross-Actions | DATE: June 2, 2022 |
| | TIME: 1:30 p.m. |
| | DEPT: 5 |
| | JUDGE: Hon. Edward M. Chen |

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on June 2, 2022 at 1:30 PM in Courtroom 5 of the above referenced Court, located at the 17th Floor of the Phillip Burton Federal Building, 450 Golden Gate Avenue San Francisco, CA 94102, Defendants Nico Corporation, Ian Hannula, and Joseph Haller will move the Court for an order dismissing the First, Second, and Sixth Causes of Action stated in the First Amended Complaint of Plaintiff Focus 15, LLC.

In accordance with Federal Rule of Civil Procedure 12(b)(6), Defendants move for an order dismissing the First, Second, and Sixth Causes of Action in Plaintiff's Complaint because as to each of these causes of action, Plaintiff fails to state claims upon which relief can be granted.

1   Defendants' motion is made pursuant to Federal Rule of Civil Procedure 12(b)(6) and the United

2   States Supreme Court's decisions in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2006) and *Ashcroft*

3   *v. Iqbal*, 556 U.S. 662 (2009), and is based upon this motion, the memorandum of points and

4   authorities and request for judicial notice filed concurrently herewith, and upon such other evidence

5   and argument as may be introduced at the hearing on this motion.

6

7   Dated:  April 15, 2022                        LUNSKI & STIMPERT LLP

8                                                 By:/s/ Andrew C. McClelland
                                                     ANDREW C. MCCLELLAND
9                                                    Attorneys for Defendants NICO CORPORATION, IAN
                                                     MATTHEW HANNULA, and JOSEPH PHILIP HALLER
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **TABLE OF CONTENTS**

I)      INTRODUCTION……………………………………………………………..1

II)     FACTUAL SUMMARY……………………………………………………….2

        A) UNDERLYING FACTS……………………………………………………...2

        B) PROCEDURAL SUMMARY……………………………………………….4

III)    LEGAL ANALYSIS…………………………………………………………...5

        A) LEGAL STANDARD FOR MOTION TO DISMISS………………………5

        B) THE FIRST AND SECOND CAUSES OF ACTION SHOULD
           BE DISMISSED PURSUANT TO RULE 12(b)(6).....................................6

           1)  Defendants Did Not Commit a Predicate Act to Trigger the RICO Statute……..7

           2)  Defendants Did Not Engage in a Pattern of Conduct Sufficient to
               Trigger the RICO Statute…………………………………………………11

        C) THE SIXTH CAUSE OF ACTION SHOULD BE DISMISSED
           PURSUANT TO RULE 12(b)(6)…………………………………………...13

IV)    CONCLUSION………………………………………………………………14

1

# **TABLE OF AUTHORITIES**

2

CASE AUTHORITY

3

*Annulli v. Panikkar*..............................................................................7

4

(3d Cir. 1999) 200 F.3d 189

5

*Ashcroft v. Iqbal*...............................................................................5-6
(2009) 556 U.S. 662

6

*Atieh v. Riordan*................................................................................5

7

(1st Cir. 2013) 727 F3d 73

8

*Bank of the West v. Sup.Ct. (Industrial Indem. Co.)*...........................................13
(1992) 2 Cal.4th 1254

9

*Bell Atl. Corp. v. Twombly*....................................................................5

10

(2007) 550 U.S. 544

11

*Bigsby v. Barclays Capital Real Estate, Inc*...................................................7
(S.D.N.Y.2016) 170 F.Supp.3d 568

12

*Cahill v. Liberty Mut. Ins. Co*................................................................6

13

(9th Cir. 1996) 80 F.3d 336, 337-38

14

*Caltex Plastics, Inc. v. Lockheed Martin Corp*.................................................5
(9th Cir. 2016) 824 F3d 1156

15

*Coffin v. Safeway, Inc*........................................................................5

16

(D AZ 2004) 323 F.Supp.2d 997

17

*Doug Grant, Inc. v. Greate Bay Casino Corp*....................................................7
(3rd Cir. 2000) 232 F.3d 173

18

*Eclectic Props. E., LLC v. Marcus & Millichap Co*..............................................7

19

(9th Cir. 2014) 751 F.3d 990

20

*Edwards v. Marin Park, Inc*....................................................................8
(9th Cir. 2004) 356 F.3d 1058

21

*ESG Capital Partners, LP v. Stratos*...........................................................6

22

(9th Cir. 2016) 828 F3d 1023

23

*Flores v. Emerich & Fike*......................................................................6
(E.D.Cal.2006) 416 F.Supp.2d 885, 911

24

*Gagan v. American Cablevision, Inc*...........................................................6-7

25

(7th Cir.1996) 77 F.3d 951

26

*Goodall v. Columbia Ventures, Inc*.............................................................8
(S.D.N.Y.1974) 374 F.Supp. 1324

27

*H.J. Inc. v. Northwestern Bell Telephone Co*..................................................11

28

(1989) 492 U.S. 229

*In re Gilead Scis. Sec. Litig*.................................................................6

ii

(9th Cir. 2008) 536 F.3d 1049

*In re Suprema Specialties, Inc. Securities Litigation*………………………………………………8
(3rd Cir. 2006) 438 F.3d 256

*Kearns v. Ford Motor Co*………………………………………………………………………13
(9th Cir. 2009) 567 F.3d 1120

*Klein v. Chevron U.S.A., Inc*…………………………………………………………………13
(2012) 202 Cal.App.4th 1342

*Klein v. Earth Elements*………………………………………………………………………..13-14
(1997) 59 Cal.App.4th 965

*Korea Supply Co. v. Lockheed Martin Corp*…………………………………………………13
(2003) 29 Cal.4th 1134

*Kwikset Corp. v. Sup.Ct. (Benson)*……………………………………………………………13
(2011) 51 Cal.4th 310

*McGowan v. Weinstein*………………………………………………………………………..11-12
(C.D. Cal. 2020) 505 F. Supp. 3d 1000, 1012

*Medallion Television Enterprises v. SelecTV*…………………………………………………7, 12
(9th Cir.1988) 833 F.2d 1360

*Metaxas v. Lee*…………………………………………………………………………………11
(N.D. Cal. 2020) 503 F. Supp. 3d 923

*Miller v. Yokohama Tire Corp*………………………………………………………………...8
(9th Cir. 2004) 358 F.3d 616

*Munson v. Del Taco, Inc*………………………………………………………………………13
(2009) 46 Cal.4th 661

*NSI Tech. Servs. Corp. v. Nat'l Aeronautics & Space Admin*………………………………...4, 12
(N.D. Cal. Apr. 13, 1996) 1996 WL 263646

*Odom v. Microsoft Corp*………………………………………………………………………8-9
(9th Cir. 2007) 486 F.3d 541

*River City Markets, Inc. v. Fleming Foods W., Inc*……………………………………………10
(9th Cir. 1992) 960 F.2d 1458

*Rosado v. eBay Inc*……………………………………………………………………………13
(N.D. Cal. 2014) 53 F. Supp. 3d 1256

*Royce Int'l Broad. Corp. v. Field*……………………………………………………………4, 10
(N.D. Cal. Feb. 23, 2000) 2000 WL 236434

*Rosenbluth Int'l v. Superior Court*……………………………………………………………14
(2002) 101 Cal. App. 4th 1073

*Schreiber Distrib. Co. v. Serv-Well Furniture Co*……………………………………………8
(9th Cir. 1986) 806 F.2d 1393

1
*Turner v. Cook*……………………………………………………………………...11
(9th Cir. 2004) 362 F.3d 1219

2

3
STATUTORY AUTHORITY

4
18 U.S.C § 1341………………………………………………………………………7

5
18 U.S.C § 1343…………………………………………………………………...…7

6
18 U.S.C § 1962……………………………………………………………...1, 4, 6, 11

7
18 U.S.C § 1964……………………………………………………………...……..1, 4

8
Federal Rule of Civil Procedure 9…………………………………………5, 8, 10-12, 14

9
Federal Rule of Civil Procedure 12……………………………………………...1, 4-6, 8, 13

10
California Business and Professions Code § 17200……………………………………1, 4-5, 13-14

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **MEMORANDUM OF POINTS AND AUTHORITIES**

2

### **I)      INTRODUCTION**

3     Defendants Nico Corporation ("Nico"), Ian Matthew Hannula ("Hannula"), and Joseph

4    Philip Haller ("Haller") hereby submit the following Memorandum of Points and Authorities in

5    support of their Motion to Dismiss the First, Second, and Sixth causes of action in Plaintiff's

6    Complaint.

7          As explained fully below, the allegations in this case involve Plaintiff and a predecessor

8    organization entering into agreements to loan sums of money to Defendant Nico Corporation,

9    guaranteed by Defendants Hannula and Haller, for which Plaintiff claims it has not been fully

10   repaid.  Stated simply, Plaintiff's claims, even if true, allege a simple breach of contract and nothing

11   more.  Plaintiff's original Complaint attempted to state causes of action for civil RICO violation

12   pursuant to 18 U.S.C § 1962(c) and § 1964, civil RICO conspiracy pursuant to 18 U.S.C § 1962(d)

13   and § 1964,, and violation of California Business and Professions Code Section 17200; however,

14   the Court dismissed these causes of action in an Order of January 28, 2022, correctly determining

15   that those causes of action are not appropriately stated given the facts and circumstances of this

16   case.

17          Rather than proceed with its breach of contract action, Plaintiff has now opted to continue a

18   pattern of harassing and needlessly-litigious behavior by filing a First Amended Complaint which

19   again states causes of action for civil RICO violation, civil RICO conspiracy, and violation of

20   California Business and Professions Code Section 17200, the exact same causes of action the Court

21   already dismissed.  Plaintiff justifies the restatement of these causes of action by attempting to

22   include additional, supposedly new information, namely the fact that Defendant NICO

23   CORPORATION purportedly has other outstanding unpaid debts.

24          The Court can and should dismiss the First, Second, and Sixth causes of action pursuant to

25   Rule 12(b)(6).  Plaintiff is suing NICO (an unsuccessful business) for purportedly breaching certain

26   contracts.  It should be noted that NICO strenuously disputes the claims as to the other unpaid debts,

27   and it should be further noted that it appears probable that this distorted version of NICO's finances

28   appears to have been obtained by Plaintiff improperly and illegally from NICO's former CFO

Denise Cassano, with whom Plaintiff has longstanding business relationships. However, even if the Court presumes those allegations to be true, the fact that NICO may or may not be subject to other claims by unpaid creditors has nothing to do with Plaintiff's contractual relationship with Defendants, and it certainly would not provide admissible evidence of a grand conspiracy by NICO and its owners to commit wide scale mail or wire fraud. Therefore, the first, second, and sixth causes of action fail to state claims upon which relief may be granted.

Stated simply, even if Plaintiff can prove all facts alleged in its Complaint, this case involves a simple breach of contract and nothing more. Plaintiff's attempts to state causes of action for RICO, RICO conspiracy, and unfair business practices should be dismissed because the facts alleged in the Complaint do not meet the applicable elements for these causes of action, and Plaintiff's continued efforts to shoehorn these outlandish "racketeering" and "unfair business practices" claims into the case are, at best, misguided, and at worst, an improper and bad faith effort to punish and bully a litigation opponent. The Court should therefore dismiss the First, Fifth, and Sixth causes of action.

## II)   FACTUAL SUMMARY

A) UNDERLYING FACTS

Plaintiff's First Amended Complaint alleges that it entered into written promissory notes with Defendant Nico on February 23, 2016, June 1, 2016, and February 15, 2017. See Complaint (Exhibit A to the Request for Judicial Notice filed concurrently herewith) at paras. 14-15, 18). These notes provided that Nico would make monthly payments on the amounts due under the notes, with the first payments being due on April 1, 2016, July 1, 2016, and December 1, 2016, respectively. See internal Exhibits A, B, and D to Complaint. Additionally, Plaintiff alleges that on July 31, 2016 Defendant Nico entered into a fourth promissory note with another company known as Golden Focus, LLC, with repayments on the note to begin on August 15, 2016, and that this note was later assigned to Plaintiff. *Id*. at paras. 16-17, internal exhibit C. The total amount loaned pursuant the notes referenced in the Complaint is $225,000.00. *Id*. at paras. 14-18. The Complaint further alleges that Defendants Hannula and Haller signed personal guaranties on all of the notes

1   referenced in the Complaint.  *Id*.  Plaintiff has acknowledged in prior filings that Defendants made

2   payments on the notes for a period of time.  *Id*. at para. 18.  However, Plaintiff alleges that Nico has

3   not made any payments on any of the notes since April 17, 2017, and that Nico never made any

4   payments on the principal amounts owed on the notes.  *Id*. at para. 19.

5         It continues to be Plaintiff's contention that Defendants' failure to make full payments on

6   promissory notes is in fact indicative of a nefarious pattern of conduct designed to defraud Plaintiff.

7   Plaintiff attempts to justify this leap in logic by citing to various other examples of Nico purportedly

8   having been unable to pay debts in other cases.  *Id*. at paras. 26-36.  Plaintiff does not make any

9   attempt to explain how it came by what appears to be private financial information of Nico.

10  However, the Court should note that based on the facts and circumstances of this case, it is likely

11  that Plaintiff obtained this private financial information from its business associate, and Nico's

12  former CFO and accountant, Denise Cassano.

13        Defendants have maintained all along that Nico only entered into the agreements with

14  Plaintiff at the advice of Cassano, and that it was one of a series of disastrous financial moves

15  spurred by Cassano which ultimately caused the business to fail.  First Amended Answer and Third

16  Party Complaint (Exhibit B to RJN) at para. 23-36.  Defendants later learned that Cassano has a

17  longstanding business relationship with Plaintiff and its principal Elizabeth Salen, having been the

18  primary loan agent for Plaintiff and having brokered the majority of its investments.  *Id*. at para. 5.

19  Interesingly enough, when Defendants attempted to state third party claims against Cassano in this

20  matter, Cassano (Defendants' former CFO and accountant) hired <u>Plaintiff's counsel</u> to defend her

21  against those claims.  See Cassano Motion to Dismiss (Exhibit C to RJN).  Thus, in the absence of

22  any more compelling explanation, it can be assumed that Plaintiff obtained Nico's confidential,

23  private financial information from its former CFO and accountant (who had a fiduciary duty not to

24  disclose that information), and now is attempting to twist and distort that information in order to

25  improperly reinstate its racketeering and unfair business practice claims.

26  ///

27  ///

28  ///

B) <u>PROCEDURAL SUMMARY</u>

The legal dispute related to the contracts between Focus 15 and Nico has been ongoing in various forms since 2017.  This dispute was previously the subject of an action brought by Plaintiff in San Francisco County Superior Court, entitled *Focus 15, LLC v. NICO Corporation, et al.* – CGC-17-562218 (hereinafter, the "State Court Matter").  Plaintiff filed its Complaint in the State Court Matter on October 31, 2017.  See State Court Matter Complaint (Exhibit D to RJN).  On January 11, 2021, pursuant to Defendants' motion, San Francisco County Superior Court dismissed the Complaint in the State Court Matter for failing to properly serve Defendants within three years of filing the Complaint.  See January 11, 2021 Order (Exhibit E to RJN).

Plaintiff filed its Complaint in the present litigation on March 3, 2021, stating causes of action for: (1) 18 U.S.C §1962(c) and §1964 (Civil RICO); (2) 18 U.S.C §1962(d) and §1964 (Civil RICO Conspiracy); (3) Breach of Contract; (4) Money Had and Received; (5) Unjust Enrichment; and (6) Violation of California Business & Professions Code §17200.  Defendants filed an Answer on June 25, 2021, and thereafter filed a Rule 12(c) Motion to Dismiss multiple causes of action on October 25, 2021.

This Court held a hearing on Defendants' Motion to Dismiss on January 6, 2022.  On January 28, 2022, the Court issued an Order granting the motion to dismiss the first, second, and sixth causes of action.  See Exhibit F to RJN.  Regarding the RICO causes of action (the first and second causes of action), the Court determined that "Focus 15's allegations amount to a mere series of breaches of contracts and fail to allege fraud with particularity. *See Royce Int'l Broad. Corp. v. Field*, No. C 99-4169 SI, 2000 WL 236434, at *4 (N.D. Cal. Feb. 23, 2000) ("[An alleged scheme to induce the plaintiff into entering a contract is] not the type[] of activit[y] that RICO was intended to eliminate. Any other interpretation would indefinitely expand the reach of the RICO statute by permitting all allegations of 'broken promises' . . . to constitute 'racketeering activity.'")"  See Ex. E to RJN at 12:23-28.  The Court further noted that "Focus 15 asserts a single victim in this case, and the alleged scheme lasted less than one year. Although four contracts were breached, this was "[a] single plan with a singular purpose and effect" that "does not constitute a closed-ended pattern of racketeering activity." *NSI Tech. Servs. Corp.*, 1996 WL 263646, at *3." *Id.* at 15:4-7.  The Court further dismissed the sixth

cause of action based on a similar rationale: "Focus 15 has failed to sufficiently plead a fraud or RICO claim. It has only sufficiently pled claims based on breach of contract. This does not provide a basis for a case of action under § 17200." *Id*. at 20:13-15.

Rather than simply moving forward with its contractual claims, Plaintiff filed a motion seeking leave to file a First Amended Complaint including the same three causes of action which the Court previously dismissed.  This motion was granted over the opposition of Defendants.  See Exhibit G to RJN.

## C)  LEGAL ANALYSIS

### A)  LEGAL STANDARD FOR MOTION TO DISMISS

Federal Rule of Civil Procedure 12(b)(6) allows a litigation party to respond to claims against it by filing a motion to dismiss for "failure to state a claim upon which relief can be granted".  A Rule 12(b)(6) dismissal is proper when the complaint *either* fails to allege a "cognizable legal theory", or fails to allege sufficient facts "to support a cognizable legal theory." *Caltex Plastics, Inc. v. Lockheed Martin Corp.* (9th Cir. 2016) 824 F3d 1156, 1159; *Coffin v. Safeway, Inc.* (D AZ 2004) 323 F.Supp.2d 997, 1000.

In order to survive a 12(b)(6) motion to dismiss, a claim must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal* (2009) 556 U.S. 662, 678 (*quoting Bell Atl. Corp. v. Twombly* (2007) 550 U.S. 544, 570). A claim is facially plausible when its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  The *Twombly/Iqbal* facial plausibility standard is meant to be used by courts as a screening mechanism designed to weed out cases and claims that do not warrant either discovery or trial." *Atieh v. Riordan* (1st Cir. 2013) 727 F3d 73, 76.  While the pleading standard does not require "detailed factual allegations," it demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*  Additionally, as discussed more fully below, fraud-based claims are subject to an even higher pleading standard pursuant to Federal Rule of Civil Procedure 9(b), and a plaintiff's failure to meet those heightened pleading

1    requirements may provide the basis for a Rule 12(b)(6) motion to dismiss. *ESG Capital Partners,*

2    *LP v. Stratos* (9th Cir. 2016) 828 F3d 1023, 1031-1032.

3           For the purposes of a 12(b)(6) motion to dismiss, all allegations of material fact are taken as

4    true and construed in the light most favorable to the non-movant. *Cahill v. Liberty Mut. Ins. Co*.

5    (9th Cir. 1996) 80 F.3d 336, 337-38.  However, the tenet that a court must accept as true all of the

6    allegations contained in a complaint is inapplicable to legal conclusions, and "threadbare recitals of

7    the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,*

8    *supra*, 556 U.S. at 678, 1949. Moreover, the court need not make unwarranted deductions of fact or

9    unreasonable inferences. *In re Gilead Scis. Sec. Litig.* (9th Cir. 2008) 536 F.3d 1049.

10

11          A) <u>THE FIRST AND SECOND CAUSES OF ACTION SHOULD BE DISMISSED
              PURSUANT TO RULE 12(b)(6)</u>

12          Plaintiff's First and Second Causes of Action should be dismissed for failure to state claims

13   upon which relief can be granted, as the facts alleged do not plausibly describe any conduct which

14   would violate the civil RICO statute.  Stated plainly, Plaintiff's First Amended Complaint alleges

15   simple breach of contract and nothing more; Plaintiff's attempt to bolster its RICO claims by citing

16   to additional purported contractual breaches, even if true, does not change that analysis.

17          Under § 1962(c), it is unlawful for a "person employed by or associated with any enterprise .

18   . . to conduct or participate . . . in the conduct of such enterprise's affairs through a pattern of

19   racketeering activity." 18 U.S.C. § 1962(c). "Under § 1962(d), it is unlawful for a person to

20   conspire to violate, e.g., subsection (c) above."  "A civil RICO complaint must at least allege: (1)

21   conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as "predicate

22   acts") (5) causing injury to plaintiff's 'business or property.' " *Flores v. Emerich & Fike*

23   (E.D.Cal.2006) 416 F.Supp.2d 885, 911.  In order to state a claim for conspiracy to violate the

24   RICO statute, a plaintiff must allege that defendants agreed to acquire or maintain interest or control

25   of enterprise or to conduct or participate in affairs of enterprise through pattern of racketeering

26   activity, and that defendants further agreed that someone would commit at least two predicate acts

27   to accomplish those goals.  *Gagan v. American Cablevision, Inc.* (7th Cir.1996) 77 F.3d 951.  A

28

1    civil RICO claim must also comply with Rule 9(b)'s, which requires that "[i]n alleging fraud…, a

2    party must state with particularity the circumstances constituting fraud…" *Id.* at 912.

3

4                 1)   Defendants Did Not Commit a Predicate Act to Trigger the RICO Statute

5         Plaintiff's first and second causes of action fail because the First Amended Complaint does

6    not allege conduct that could be plausibly interpreted as a pattern of racketeering activity within the

7    meaning of the RICO statute.  To begin with, Defendants' alleged conduct, even if proven to be

8    true, does not qualify as a "predicate act" sufficient to qualify for a RICO claim.  Although a

9    violation of the RICO statute may be based on a wide range of conduct, RICO claims must be based

10    on actual predicate acts of "racketeering" as defined the statute.  *See, e.g.*, *Doug Grant, Inc. v.*

11    *Greate Bay Casino Corp.* (3rd Cir. 2000) 232 F.3d 173.  Courts have been clear that conduct that

12    amounts to garden-variety breach of contract does not qualify as "racketeering activity" under

13    RICO.  See *Medallion Television Enterprises v. SelecTV* (9th Cir.1988) 833 F.2d 1360; see also

14    *Bigsby v. Barclays Capital Real Estate, Inc.* (S.D.N.Y.2016) 170 F.Supp.3d 568 (defendant's

15    conduct amounted to, at most, a breach of contract, and thus did not constitute RICO Act predicate

16    acts of mail and wire fraud); *Annulli v. Panikkar* (3d Cir. 1999) 200 F.3d 189, 192 (affirming

17    summary judgment for defendant and holding that breach of contract and intentional interference

18    with contract were not predicate RICO acts).

19         Because Plaintiff in this matter cannot allege a RICO violation based on breach of contract,

20    Plaintiff attempts to "artfully plead" its case to allege that Defendants, through their alleged actions

21    of breaching contracts with Plaintiff, somehow committed mail and/or wire fraud under 18 U.S.C.

22    §§ 1341, 1343.  Sections 1341 and 1343 prohibit "any scheme or artifice to defraud, or for obtaining

23    money or property by means of false or fraudulent pretenses, representations, or promises." 18

24    U.S.C. §§ 1341, 1343. "The mail and wire fraud statutes are identical except for the particular

25    method used to disseminate the fraud, and contain three elements: (A) the formation of a scheme to

26    defraud, (B) the use of the mails or wires in furtherance of that scheme, and (C) the specific intent

27    to defraud." *Eclectic Props. E., LLC v. Marcus & Millichap Co.* (9th Cir. 2014) 751 F.3d 990, 996,

28    997.

1    In attempting to make these claims, however, Plaintiff fails to plausibly plead all of the

2    requisite elements for fraud with the particularity required by Rule 9(b).  The rule that requires

3    allegations of fraud to be pleaded with particularity requires a plaintiff to plead: (1) a specific false

4    representation of material fact; (2) knowledge by the person who made it of its falsity; (3) ignorance

5    of its falsity by the person to whom it was made; (4) the intention that it should be acted upon; and

6    (5) that the plaintiff acted upon it to his damage.   *Edwards v. Marin Park, Inc.* (9th Cir. 2004) 356

7    F.3d 1058, 1065–66; *In re Suprema Specialties, Inc. Securities Litigation*, (3rd Cir. 2006) 438 F.3d

8    256.  It should be noted that causes of action under the wire fraud and mail fraud statutes also

9    require allegations that defendants formed a scheme or artifice to defraud, as described above, and

10   that the defendants did so with the specific intent to deceive or defraud.   *Miller v. Yokohama Tire*

11   *Corp.* (9th Cir. 2004) 358 F.3d 616.

12        Additionally, the particularity requirement of rule requires that each factual allegation

13   underpinning the fraud cause of actions must be pled with a higher degree of notice than that

14   required for other claims; claim must identify who, what, where, when, and how.   *Odom v.*

15   *Microsoft Corp.* (9th Cir. 2007) 486 F.3d 541, 554; *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*

16   (9th Cir. 1986) 806 F.2d 1393, 1401.  Mere conclusory allegations that conduct was "fraudulent",

17   without more specificity, are not sufficient; facts must be alleged which, if proven, would constitute

18   fraud or lead clearly to conclusion that fraud has been committed.   *Goodall v. Columbia Ventures,*

19   *Inc.* (S.D.N.Y.1974) 374 F.Supp. 1324.

20        In the present litigation, Plaintiff's allegations of "fraud" do not meet the heightened

21   pleading standard of Rule 9(b).  As noted in Defendants' prior 12(c) motion, Plaintiff does not

22   attempt to actually plead fraud as a separate cause of action (despite it apparently being the

23   cornerstone of their RICO case), nor does Plaintiff plead any of the required elements of fraud, nor

24   does Plaintiff make any attempt to identify the "who, what, where, when, and how" of the purported

25   fraud.  Instead, Plaintiff pleads facts which can fairly be described as a breach of contract dispute,

26   and then tacks on conclusory allegations such as "Defendants never had any intention to pay back

27   these loans", and that Defendants are liable for "conceiving and planning a fraudulent scheme to

28

1    induce… Focus 15 to make loans that Defendants had no intention of paying back."  See First

2    Amended Complaint (Exhibit A to RJN) at paras. 25, 39.

3            As noted in the Court's prior Order dismissing the RICO causes of action, it may not be

4    possible in certain cases for a plaintiff to plead a defendant's specific intent to commit fraud with

5    particularity; in such cases, specific intent can be established "by examining the scheme itself." *Odom,*

6    *supra,* 486 F.3d at 554; *United States v. Green* (9th Cir. 1984) 745 F.2d 1205, 1207.  On this point, it

7    should be noted that, despite these allegations, the First Amended Complaint clearly alleges facts

8    which objectively demonstrate that Plaintiff's "fraud" theory is not true.  Specifically, Plaintiff

9    acknowledges that Defendants did in fact did make payments on the loans between March 2016 and

10   March 2017.  See First Amended Complaint (Exhibit A to RJN) at para. 18.   Plaintiff cannot

11   plausibly make the allegation that Defendants engaged in a fraudulent scheme of entering into the

12   promissory notes and accepting the loan proceeds with no intention of paying them back, when in

13   fact the pleadings affirmatively show that Defendants were paying the loans back.  Plaintiff

14   attempts to confuse the issues by stressing that the payments were allegedly "interest payments"

15   rather than payments on principal, but this is a distinction without a difference; the facts pled in the

16   First Amended Complaint clearly demonstrate the lack of any illicit scheme to defraud Plaintiff.

17           The main addition to Plaintiff's First Amended Complaint, and indeed the only major

18   difference from the original Complaint which was already subject to an Order of Dismissal as to the

19   RICO claims, is Plaintiff's additional allegations that Nico (a failing business) also allegedly failed

20   to pay other creditors in addition to Plaintiff.  See First Amended Complaint at paras. 26-36.  As

21   noted above, Defendants strenuously deny these allegations, and further wish to make the Court

22   aware that these purported allegations appear to be based on private financial information that

23   Plaintiff improperly and possibly illegally obtained from Nico's former CFO and accountant Denise

24   Cassano, with whom Plaintiff has an undisclosed business relationship.  However, even if the stated

25   allegations are true, they still are not pled with the specificity required for fraud allegations.  The

26   Court should note that Plaintiff makes each of the allegations regarding other purportedly fraudulent

27   transactions based on "information and belief", rather than any specific personal knowledge.  There

28   are no sufficiently specific allegations as to what purportedly false representations were made, how

1    or when they were made, justifiable reliance by the other sides to the transactions, or any of the

2    other requisite elements for fraud.  Additionally, there are no allegations of use of telephones or

3    U.S. mail sufficient to qualify these transactions as wire or mail fraud under the relevant federal

4    statutes.  Therefore, these allegations also fail under the requirements of Rule 9(b).

5           On a more fundamental level, the Court should dismiss these causes of action against

6    Defendants because the allegations, taken as a whole, demonstrate that at the time of transactions at

7    issue in this case, Nico was a struggling business that was unable to pay back multiple creditors.

8    This set of circumstances cannot and should not be fairly characterized as a fraudulent scheme on

9    the part of the business absent further indicia of fraud; the undersigned counsel is unaware of any

10    case which has ever made such a holding, and indeed, courts have held exactly the opposite under

11    similar circumstances.  As noted in *River City Markets, Inc. v. Fleming Foods W., Inc.* (9th Cir. 1992)

12    960 F.2d 1458, 1464–65, "a pattern of breach of contract activity . . . even when embellished by the

13    familiar 'racketeering,' is not sufficient to establish a violation of RICO."  "Any other interpretation

14    would indefinitely expand the reach of the RICO statute by permitting all allegations of 'broken

15    promises' in failed business transactions to constitute 'racketeering activity.'"  *Royce Int'l Broad.*

16    *Corp. v. Field* (N.D. Cal. Feb. 23, 2000) No. C 99-4169 SI, 2000 WL 236434, at \*4.

17           Allowing Plaintiff's RICO claims to proceed under these circumstances would fly directly in

18    the fact of established precedent, and furthermore, it would place a truly onerous burden on

19    businesses which are already struggling to succeed.  Taking this kind of expansive view of the

20    RICO statutes would have the effect of subjecting any failing business which cannot pay its debts to

21    fraud allegations from each and every creditor, claims which potentially could not even be

22    discharged by bankruptcy.  It is clear that the law was not written to be used in this way, and Courts

23    have never interpreted it to be applicable in this situation.  The Court should decline Plaintiff's

24    invitation to create new legal authority with such far reaching ramifications.

25           Based on all of the above, the allegations of the First Amended Complaint, if assumed to be

26    true, allege at most that Nico (a struggling business) entered into promissory notes with Plaintiff,

27    that it paid those notes for a period of time before stopping payments, and that it apparently also

28    failed to pay other creditors.  This is the quintessential definition of a breach of contract case.

1  Plaintiff's bare allegations of Defendants' nefarious state of mind in failing to make payments are

2  directly contradicted by its description of the facts.  At the end of the day, the purported "fraud"

3  alleged in the First Amended Complaint is nothing more than a fiction created by Plaintiff in order

4  to stretch a bare breach of contract action into a purported RICO violation in order to drag

5  Defendants into federal court.  The Complaint does not specifically plead any actual facts that

6  would elevate Defendants' purported actions to the level of fraud, and quite the contrary, it

7  affirmatively alleges facts showing a lack of any fraud.  Therefore, the particularity requirement of

8  Rule 9(b) is not met, and the First and Second Causes of Action should be dismissed for failure to

9  plead a "predicate act" sufficient to trigger the RICO Statute.

10

11      2) <u>Defendants Did Not Engage in a Pattern of Conduct Sufficient to Trigger the RICO Statute</u>

12      Furthermore, even if the Court were to rule that Plaintiff has pled predicate acts of fraud

13  with the specificity required by Rule 9(b), the first and second causes of action should still be

14  dismissed because Plaintiff fails to plead a "pattern" of such activity as required by the RICO

15  statute.  The pattern element requires that there "be at least two acts of racketeering activity within ten

16  years of one another." 18 U.S.C. § 1962(c).  The predicate acts must: (1) be related, and (2) amount to or

17  pose a threat of continued criminal activity. *Turner v. Cook* (9th Cir. 2004) 362 F.3d 1219, 1229. The

18  continuity requirement aims "at eliminating RICO actions against perpetrators of isolated or sporadic

19  acts" and is satisfied if plaintiffs allege either "past conduct that by its nature projects into the future

20  with a threat of repetition, i.e., open-ended continuity[,]" or "a series of related predicates extending

21  over a substantial period of time, i.e., closed-ended continuity[.]"  *Metaxas v. Lee* (N.D. Cal. 2020) 503

22  F. Supp. 3d 923, 941. "A substantial period of time" for closed-ended continuity is more than "a few

23  weeks or months." *H.J. Inc. v. Northwestern Bell Telephone Co.* (1989) 492 U.S. 229, 241. While

24  duration is an important factor in determining whether closed-ended continuity is satisfied, the Ninth

25  Circuit has declined to adopt bright-line rules based on the temporal length of a scheme.

26      Furthermore, in determining closed-ended continuity, "courts in this Circuit often consider: (1)

27  the number and variety of predicate acts; (2) the presence of separate schemes; (3) the number of

28  victims; and (4) the occurrence of distinct injuries." *McGowan v. Weinstein* (C.D. Cal. 2020) 505 F.

1   Supp. 3d 1000, 1012. Courts have therefore held that "'a single alleged fraud with a single victim' does

2   not constitute a closed-ended pattern of racketeering activity." *Id.* (citing *Medallion Television Enters.,*

3   *Inc. v. SelecTV of Cal., Inc.* (9th Cir. 1987) 833 F.2d 1360, 1364; *NSI Tech. Servs. Corp. v. Nat'l*

4   *Aeronautics & Space Admin.* (N.D. Cal. Apr. 13, 1996) No. 95-20559 SW, 1996 WL 263646, at *3 ("A

5   single plan with a singular purpose and effect does not constitute a [closed-ended] 'pattern' of

6   racketeering activity.")).

7          In the present litigation, the RICO claims in Plaintiff's original Complaint were subject to

8   dismissal based on the Court's accurate conclusion that Plaintiff only alleged a discrete, closed-

9   ended group of purported "predicate acts" committed against a single victim (Plaintiff) and which

10  occurred within a year.  Plaintiff attempts to plead around this conclusion in its First Amended

11  Complaint by alleging a laundry list of other purported failures by Nico to pay its creditors at the

12  time when the business was failing.  See First Amended Complaint at paras. 26-36.  As noted

13  above, these allegations do not qualify as "predicate acts" under the RICO Statute, either in

14  isolation or taken in conjunction.  However, even if they did, the allegations would fail to establish

15  a pattern of activity, because they are too vague as to time for the Court to determine whether or not

16  they occurred over a sufficient period of time to establish a patter.  These allegations, like the rest of

17  Plaintiff's fraud allegations, are not pled with the particularity required by Federal Rule of Civil

18  Procedure 9(b).  Therefore, because it is impossible to determine when these purported contractual

19  breaches occurred, the Court should dismiss the First and Second Causes of Action for failing to

20  plead a pattern of racketeering activity.

21         As explained above, the factual allegations in Plaintiff's Complaint, assumed to be true and

22  indulging all reasonable inferences in Plaintiff's favor, do not plausibly allege a "pattern" of

23  predicate acts violating the RICO statute, nor do they properly allege any predicate acts at all,

24  particularly in light of the heightened pleading standards for fraud.  This case is, at most, a breach of

25  contract dispute between Plaintiff and Defendants, which is not properly the subject of RICO causes

26  of action.  Therefore, the Court should dismiss the First and Second Causes of Action.

27  ///

28  ///

1

B)  <u>THE SIXTH CAUSE OF ACTION SHOULD BE DISMISSED PURSUANT TO RULE
    12(b)(6)</u>

2          Additionally, the Court should dismiss Plaintiff's sixth cause of action for violation of

3  California Business and Professions Code Section 17200 because Plaintiff fails to plead the required

4  elements of the cause of action.

5          California's Unfair Competition Law (Bus. & Prof. Code §§17200 *et seq.*) prohibits, and

6  provides civil remedies for, "unfair competition," defined as "any unlawful, unfair or fraudulent

7  business act or practice," prohibiting "anything that can properly be called a business practice and

8  that at the same time is forbidden by law." *Bank of the West v. Sup.Ct. (Industrial Indem.*

9  *Co.)* (1992) 2 Cal.4th 1254, 1266-1267; see *Kwikset Corp. v. Sup.Ct. (Benson)* (2011) 51 Cal.4th

10  310, 320.  "The requirement of pleading fraud with particularity [under Federal Rules of Civil

11  Procedure 9(b)] applies to each of the three prongs, where the claims are based on a unified course of

12  fraudulent conduct." *Rosado v. eBay Inc.* (N.D. Cal. 2014) 53 F. Supp. 3d 1256 (citations omitted);

13  *Kearns v. Ford Motor Co.* (9th Cir. 2009)  567 F.3d 1120, 1125 ("It is well-settled that the Federal

14  Rules of Civil Procedure apply in federal court, irrespective of . . . whether the substantive law at issue

15  is state or federal.") (internal quotation marks and citations omitted).

16          In the present litigation, Plaintiff specifically alleges that Defendants engaged in an

17  "unlawful act or practice" by "defrauding" Plaintiff, in violation of Bus. & Prof. Code §§17200 *et*

18  *seq.* See First Amended Complaint (Exhibit A to RJN) at para. 77.  Claims based on the "unlawful"

19  prong of the UCL "borrow" violations of other laws and make those unlawful practices separately

20  actionable through the UCL. *Klein v. Chevron U.S.A., Inc.* (2012) 202 Cal.App.4th 1342, 1383.

21  "Unlawful" conduct includes any business practice or act forbidden by local, state or federal statutes

22  or by regulations or case law. *Munson v. Del Taco*, *Inc.* (2009) 46 Cal.4th 661, 676.

23          However, although the UCL acts to prohibit a wide variety of unlawful conduct, its

24  applicability is not limitless.  The California Supreme Court has warned against permitting the UCL

25  to be used "as an all-purpose substitute for a tort or contract action, something the Legislature never

26  intended." *Korea Supply Co. v. Lockheed Martin Corp.* (2003) 29 Cal.4th 1134, 1151.  Specifically

27  germane to this case, courts have held that conduct which merely creates non-statutory, common law

28  civil liability is generally not sufficient to satisfy the unlawful prong of the UCL.  See *Klein v. Earth*

1   *Elements* (1997) 59 Cal.App.4ᵗʰ 965.  Additionally, a breach of contract involving only private harm

2   is not actionable. *Rosenbluth Int'l v. Superior Court* (2002) 101 Cal. App. 4th 1073.

3          As discussed above, Plaintiff's Complaint in the present litigation involves a simple breach of

4   contract dispute based on purported nonpayment on certain promissory notes.  This Court already

5   held that Plaintiff's original Complaint did not plead fraud with the required specificity under Rule

6   9(b), and the additional allegations regarding other nonpayment of creditors do nothing to change

7   that analysis.  Even when read in the light most favorable to Plaintiff and engaging in all reasonable

8   inferences in its favor, the First Amended Complaint does not plausibly allege fraudulent conduct, or

9   conduct that violates any state or federal statute which would apply to the UCL.  This case involves

10  garden variety non-statutory, common law, civil breach of contract claims to which California's

11  UCL does not apply pursuant to the cases cited above.  Therefore, the Court should dismiss this

12  cause of action.

13

14                              **D)  CONCLUSION**

15          This Court has already correctly determined that Plaintiff's case involves a standard breach of

16  contract dispute and nothing more.  Plaintiff's attempts to point to other alleged breaches of contract

17  by Defendants does nothing to change the Court's original analysis.  For the foregoing reasons,

18  Defendants respectfully request that the Court dismiss the First, Second, and Sixth causes of action,

19  and that the Court do so without leave to amend.

20

21   Dated:  April 15, 2022                    LUNSKI & STIMPERT LLP

22                                             By:/s/ Andrew C. McClelland
23                                                ANDREW C. MCCLELLAND
                                                  Attorneys for Defendants NICO CORPORATION, IAN
24                                                MATTHEW HANNULA, and JOSEPH PHILIP HALLER

25

26

27

28