**FORD & DIULIO PC**
Brendan M. Ford (Bar No. 224333)
BFord@FordDiulio.com
650 Town Center Drive, Suite 760
Costa Mesa, California 92626
Telephone: (714) 450-6830

Attorney for Plaintiff FOCUS 15, LLC
and Third-Party Defendant MAURIZIO DONADI

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOCUS 15, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>NICO CORPORATION, a California Corporation; IAN MATTHEW HANNULA, an individual; JOSEPH PHILIP HALLER, an individual; and DOES 1 to 50, inclusive,<br><br>Defendants. | Case No. 3:21-cv-01493-EMC<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>**Hearing**<br>Date:  June 3, 2022<br>Time: 10:30 AM<br>Department: 5<br>Judge: Hon. Edward M. Chen<br>Action Filed: March 3, 2021<br>Trial Date: Not Set |
| NICO CORPORATION, a California Corporation, IAN MATTHEW HANNULA, an individual, and JOSEPH PHILLIP HALLER, an individual;<br><br>Third-Party Plaintiffs<br><br>vs.<br><br>DENISE CASSANO, an individual; MAURIZIO DONADI, an individual; ADVANCED ACCOUNTING SOLUTIONS, a Massachusetts Corporation; and ROES 1 -50, inclusive;<br><br>Third-Party Defendants. | |

**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER as required by the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

1. **Jurisdiction & Service:** The parties agree that this Court has subject matter jurisdiction and personal jurisdiction over Plaintiff's claims and Defendants' counterclaims. The parties also agree that this Court is the appropriate venue.

2. **Facts:**

Plaintiff and Cross-Defendant:

From February 2016 through February 2017 Defendant NICO Corp. took out loans totaling $225,000 evidenced by four promissory notes. In each of the notes Defendant NICO Corp. agreed to make monthly payments on the principal of the loans according to the terms of each note. Defendants did not make single payment towards the **principal on any of the notes** in breach of the express terms of the written promissory notes.

Defendants did not intend to pay back any of the notes as Defendants have a history of borrowing money and/or obtaining services from at least ten other creditors which Defendants did not pay back:

Defendants entered into an agreement with an individual named Hugo Ortega to do production for NICO Corp.'s clothing. The production agreement was for $48,000. Hugo Ortega produced NICO Corp.'s clothing per the terms of the agreement. However, sometime after Hugo produced and delivered the clothing to NICO Corp., one of Defendants' employees, Sherri Lane, received a call from one of Hugo Ortega's employees indicating the Hugo Ortega had not been paid and sought payment from Defendants. Defendants refused and did not pay Hugo Ortega.

On or about September 15, 2016, Defendants obtained a $600,000 loan from an individual named Evan Williams. In exchange, Evan Williams was to obtain 3% equity in the company after a second round of loans. Defendants did not pay back the loan.

Defendants told one of their employees not to worry about paying back the loan because it was allegedly not in writing. Subsequently, Defendants approached Evan Williams to obtain a second loan which Evan William's declined.

On or about November 19, 2012, Defendants obtained a $20,000 loan from an individual named Wendy Dewalt at an 8% interest. The loan was to be paid back by March 15, 2013. Defendants did not pay back the loan. Defendants knew the loan had not been repaid and intentionally waited for the statute of limitations to run to avoid any liability to Wendy Dewalt.

Defendants obtained a $32,000 loan from an individual named David Pierce. Defendants did not pay back the loan. Instead, Defendants sought to determine their exposure to liability if there was no written agreement.

Defendants obtained a $22,000 loan from one of their employees named Sherri Lane. The loan originated from Defendants' failure to pay Sherri Lane wages owed to her. Defendants entered into an agreement with Sherri Lane to turn the wages owed to her into a loan. Defendants did not pay Sherri Lane.

Defendants entered into an agreement with a company named MH Architects to do work at NICO Corp. MH Architects performed the work. The work performed by MH Architects totaled $5,000.  Defendants did not pay for the work performed.

Defendants took out two loans from Bank of the West. On or about February 11, 2009, Defendants executed a promissory note with Bank of the West for a $150,000 loan. The promissory note was secured by a personal guaranty signed by Defendants and NICO Corps. property. Defendants agreed to make monthly payments on this loan. On or about August 28, 2014, Defendants executed a change in terms of the February agreement decreasing their credit limit to $75,000. Bank of the West assigned its interest in the sums due to a company known as Jonathan Neil & Associates, Inc. Defendants were sued in the California Superior Court because Defendants failed and refused to pay back $73,000 owed.

On or about August 28, 2014, Defendants executed another promissory note with Bank of the West in the amount of $61,506.64. The promissory note was secured by a personal guaranty signed by Defendants and NICO Corps. property. Defendants agreed to make monthly payments on this loan. Bank of the West assigned its interest in the sums due to Jonathan Neil & Associates, Inc. Defendants were sued in the California Superior Court because Defendants failed and refused to pay back the $18,000 owed.

Defendants also obtained loans from other institutions and did not repay those loans. The loans include but are not limited to a $50,000 loan from Wells Fargo Bank, a $75,000 loan from an entity known as Little Leo Ltd., and $170,000 loan from an entity known as First Tennessee.

In total, Defendants borrowed approximately $1,300,000 from at least eleven (11) creditors, including Focus 15, and did not pay back a single penny.

Defendants:

This matter involves a dispute arising out of four promissory notes signed by Defendant NICO Corp. and personally guaranteed by NICO's co-owners, Defendants Ian Matthew Hannula and Joseph Phillip Haller.  Plaintiff Focus 15, LLC alleges that, from February 2016 through February 2017 Defendant NICO Corp. took out loans totaling $225,000 evidenced by four promissory notes. In each of the notes Defendant NICO Corp. agreed to make monthly payments on the principal of the loans according to the terms of each note. Plaintiff further alleges that Defendants did not make single payment towards the **principal on any of the notes** in breach of the express terms of the written promissory notes.

Based on the above-described allegations, Plaintiff seeks damages based on breach of contract, money had and received, and unjust enrichment.  Additionally, Plaintiff has stated causes of action for violation of 18 U.S.C § 1962(c) and § 1964

3
**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**

(civil RICO); 18 U.S.C § 1962(d) and § 1964 (civil RICO conspiracy); and violation of California Business & Professions Code § 17200.  Plaintiff bases these additional causes of action on its contention that Defendants knowingly engaged in a scheme to defraud Plaintiff by signing promissory notes with no intention to repay them, and additionally on allegations that Defendants have a history of borrowing money and/or obtaining services from at least ten other creditors which Defendants did not pay back.

Defendants deny the above allegations, and specifically deny Plaintiff's allegations that they have defrauded Plaintiff or any other person or entity.  Regarding these allegations, Defendants further state that the allegations appear to originate from private financial records which Plaintiff improperly obtained from a former corporate officer of NICO Corp., that the allegations are factually untrue, and that the allegations have no relevance or logical connection to the case presently before the Court.

Furthermore, Defendants have filed a Third Party Complaint against their former business partner Maurizio Donadi.  In their operative Third Party Complaint, Defendants/Third Party Plaintiffs allege that Third Party Defendant Donadi was a 30% owner of NICO Corp. at the relevant time period of Plaintiff's allegations, and furthermore that Donadi also signed personal guaranties on three out of the four promissory notes at issue in this litigation.  Therefore, Defendants/Third Party Plaintiffs therefore seek damages from Mr. Donadi based on contribution and declaratory relief in the event they are found liable for Plaintiff's claims against them.

3.   **Legal Issues:**

Plaintiff:

(1)   Whether Defendants violated Civil RICO under 18 U.S.C. § 1962(c) and § 1964 by soliciting and obtaining loans from eleven creditors including interstate companies, which Defendants did not pay back;

(2) Whether Defendants violated Civil RICO Conspiracy laws under 18 U.S.C. § 1962(d) and § 1964 by loans from eleven creditors including interstate companies, which Defendants did not pay back;

(3) Whether Defendants breached the express terms of the promissory notes by failing to pay back the loans;

(4) Whether Defendants must reimburse Plaintiff for the money Defendants borrowed and did not pay back;

(5) Whether Defendants were unjustly enriched by obtaining $225,000 in loans that Defendants did not pay back;

(6) Whether Defendants violated the California Business & Professions Code § 17200 by soliciting and obtaining loans totaling $1,300,000 from eleven creditors, including interstate companies, which Defendants did not pay back.

<u>Defendants:</u>

(1) Whether Plaintiff's first and second causes of action against Defendants for civil RICO violation and civil RICO conspiracy should be dismissed because they do not meet the plausibility standard set forth in Federal Rule of Civil Procedure 8(a), *Twonbly*, and *Iqbal*.

(2) Whether Plaintiff's first and second causes of action against Defendants for civil RICO violation and civil RICO conspiracy should be dismissed because they fail to meet the heightened standard of Federal Rule of Civil Procedure 9(b).

(3) Whether Plaintiff's sixth cause of action against Defendants for California Business & Professions Code § 17200 should be dismissed because it does not meet the plausibility standard set forth in Federal Rule of Civil Procedure 8(a), *Twonbly*, and *Iqbal*.

(4) Whether Defendants/Third Party Plaintiffs are entitled to contribution from Cross-Defendant Maurizio Donadi in the event Defendants are held liable for the damages alleged in Plaintiff's Complaint.

Cross-Defendant:

(1) Whether Cross-Defendant can be held liable for contribution to Defendants.

**4.    Motions:**

Plaintiff: Plaintiff anticipates filing a motion to recover expenses incurred to serve Defendants. Plaintiff anticipates to file a motion for summary judgment, which includes but is not limited to, the breach of contract cause of action. Plaintiff does not anticipate filing any other motions at this time, but reserves the right to do so as needed.

Defendants:  Defendants filed a motion to dismiss certain causes of action in Plaintiff's Complaint, which is currently pending before the Court.  The hearing on the motion to dismiss is June 3, 2022 at 10:30 a.m.  Defendants do not anticipate filing other motions at this time, but reserve the right to do so as needed.

Cross-Defendants: Cross-Defendant intends to file a motion for summary judgment.
Cross-Defendant does not anticipate filing other motions at this time, but reserves the right to do so as needed.

**5.    Amendment of Pleadings:** The Parties do not anticipate any additional parties being added or any amended pleadings being filed at this time.

**6.    Evidence Preservation:** The parties have met and conferred in accordance with Fed. R. Civ. P. 26(f) regarding the reasonable and proportionate steps taken to preserve evidence relevant to the issues of this action. The parties mutually agree to preserve all electronically stored information (ESI) relevant to the parties claims or defenses and proportional to the needs of the case.

The parties adopt the proportionality standard referenced in ESI Discovery Guidelines 2.01, General Guidelines 1.03 and Fed. R. Civ. P. 26(b)(1) which states

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable."

7. **Disclosures:** The parties made initial disclosures on July 29, 2021.

8. **Discovery:** No discovery has been taken at this time. The parties agree that normal limitations on discovery tools and subject matter under the Federal and Local rules are appropriate. The parties anticipate that discovery will be needed relating to the subjects outlined in section 3 "Legal Issues". The parties anticipate the following discovery phases in the following order: (1) written discovery; (2) depositions; and (3) expert discovery.

9. **Class Actions:** Not applicable.

10. **Related Cases:** Not applicable.

11. **Relief:**

Plaintiff: Plaintiff seeks an award of compensatory damages in an amount to be determined at trial. Plaintiff also seeks an award of threefold the damages sustained by Plaintiff under RICO, 18 U.S.C. § 1964(c); Plaintiff also seeks an award of costs and reasonable attorney's fees and expenses incurred by Plaintiff in connection with this action under 18 U.S.C. § 1964(c); Plaintiff also seeks an award for pre-judgment and post-judgment interest on the above damage awards.

Defendants: In the event Defendants are held liable for the damages alleged in Plaintiff's Complaint, Defendant seek an order such that they are entitled to equitable indemnity or contribution from Cross-Defendant Maurizio Donadi on any such award to

the extent of his ownership interest in NICO Corp. and his signing of personal guaranties on three of the four promissory notes at issue in this case.

**12.     Settlement and ADR:** This Court previously ordered that the parties complete private mediation on or before May 2, 2022. The parties met and conferred regarding the prospects of settlement, and are amenable to a settlement conference either before a magistrate judge or through a private mediator. However, due to the fact that the pleadings are still unsettled at this time, the parties were unable to complete mediation by the date specified in the Court's prior order. The parties therefore ask the Court to extend the date by which the parties are to complete mediation.

**13.     Consent to Magistrate Judge for All Purposes:**
\_\_\_\_ Yes          **  X  ** No

**14.     Other References:** This case is not suitable for reference to an arbitrator, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.     Narrowing of Issues:**

Plaintiff: Plaintiff filed a motion to dismiss Defendants counterclaims and third-party complaint. The motion to dismiss was heard on August 26, 2021 at 1:30 PM. The Court granted Plaintiff's motion.

Defendants: Defendants filed a motion to dismiss certain causes of action in Plaintiff's Complaint. The motion to dismiss was heard on January 6, 2022 at 1:30 PM and granted in part. Plaintiff subsequently obtained leave of Court to file a First Amended Complaint. Defendants filed a motion to dismiss certain causes of action in Plaintiff's First Amended Complaint, which is currently pending before the Court. The hearing on the motion to dismiss is scheduled for June 3, 2022 at 10:30 a.m.

Cross-Defendants: Cross-Defendant filed a motion to dismiss Defendant's second amended third-party complaint. On January 28, 2022 the Court granted the motion in part, and dismissed Defendants indemnity claim.

16. **Expedited Trial Procedure:** Not applicable.

17. **Scheduling:** The parties agree to a schedule that is in line with the Courts Standing Orders and Guidelines for Calculating Trial Timelines. The parties propose the following dates:

Trial: August 14, 2023

Pre-Trial Conference: July 18, 2023

Objections: July 7, 2023

Joint Pre-Trial Conference Statement/ Trial Briefs: June 27, 2023

Meet and Confer: June 6, 2023

Last Day to Hear Dispositive Motions: May 11, 2023

Last Day to File Dispositive Motions: April 6, 2023

Expert Discovery Closed: April 20, 2023

Rebuttal Expert Disclosures: March 30, 2023

Expert Disclosures: March 9, 2023

Non-Expert Discovery Closed: March 9, 2023

18. **Trial:** The parties agree that this case will be tried before a jury trial. However, the parties disagree as to the length of time for trial.

Plaintiff and Cross-Defendant: Plaintiff and Cross-Defendant believe that the trial will take between 4 to 5 days to present testimony from four individuals with personal knowledge of the underlying facts: (1) Ian Matthew Hannula, (2) Joseph Phillip Haller, (3) Denise Cassano, and (4) Maurizio Donadi, in addition to witnesses to support Plaintiff's RICO claims and expert witnesses.

Defendants: Defendants believe that the trial will take between 3 to 5 days, as the trial is a trial by jury, and will involve not only the witnesses stated by the Plaintiff, but also a number of persons involved with AAS and NICO, in addition to one or more expert witnesses.

19. **Disclosures of Non-party Interested Entities or Persons:**

Plaintiff filed its Certification of Interest Entities or Persons on March 3, 2021. Defendants filed their Certification of Interest Entities or Persons on July 23, 2021.

**20. Professional Conduct:** The attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21. Other:** There are no other matters.

Dated: May 27, 2022

*/s/ Brendan M. Ford*
Brendan M. Ford
Attorney for Plaintiff FOCUS 15, LLC and Third-Party Defendant MAURIZIO DONADI

Dated: May 27, 2022

*/s/ Andrew McClelland*
Marc Stimpert
Andrew McClelland
Counsel for Defendants NICO Corporation, Ian Matthew Hannula, and Joseph Phillip Haller

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated: _____

                                              Hon. Edward M. Chen
                                              United States District Judge
                                              Northern District of California